# FERRIS *v.* McCLURE *et al.*

(April Term, 1864.)

1. BILLS OF EXCEPTIONS — *in chancery proceedings.* The report of a master in chancery under a reference to him, is a part of the record in the cause, without being incorporated in a bill of exceptions.

2. A bill of exceptions has no appropriate office in a suit in chancery, unless it be to preserve oral evidence introduced upon the hearing. All other proceedings in chancery are parts of the record without being preserved by bill of exceptions.

WRIT OF ERROR to the Circuit Court of Peoria county.

Motion by defendant in error to suppress a master's report which was copied into the transcript of the record on file in this court.

Messrs. COOPER & Moss and H. GROVE, for the motion.

Per CURIAM: This was a suit in chancery. After answer, replication and proofs, and the cause set down for hearing, the court ordered the cause to be referred to the master, to ascertain and report upon certain matters; the master made his report, and it was filed in the court below.

It is now moved to suppress this report of the master, upon the grounds, that it is no part of the record, it not having been acted upon in the court below, nor offered or read in evidence on the hearing, nor forming any part of the bill of exceptions.

The motion is made upon a misconception of the rules of chancery practice. The master's report is as much a part of the record as the bill, answer, replication or decree; it is a proceeding in the cause by an officer of the court. No bill of exceptions in a chancery cause is ever necessary or proper, unless it be to preserve oral evidence introduced upon the hearing, under the statute allowing that to be done. While a bill of exceptions has its appropriate office in a suit at law, it has no more to do with the proceedings in a suit in chancery, with the exception mentioned, than a special traverse or a surrebutter. All of the proceedings in a court of chancery are either in writing, or required to be reduced to writing — thus, the bill, answer, replication, proofs taken by deposition, oral evidence taken before the court and reduced to writing, exhibits, the master's report, the orders and decrees of the court, are all parts and parcels of the record.

It will be presumed the court below acted upon its master's report, as much as upon the bill or answer; in whatever action it took, the court acted upon the whole record.

*Motion denied.*