[No. 374. January Term, 1889.]

EDWARD T. FARISH ET AL., PLAINTIFFS IN ERROR, v. NEW MEXICO MINING COMPANY ET. AL., DEFENDANTS IN ERROR.

ERROR, WRIT OF, WILL LIE TO REVIEW DECREE IN CHANCERY.—Under section 2193, Compiled Laws, 1884, abrogating the rule announced in Kidder v. Bennett, 2 N. M. 37, a writ of error will lie from the district courts to the supreme court to review a decree in equity as well as a judgment at law.

ID.—RULE REQUIRING FOLIOS OF TRANSCRIPT TO BE NUMBERED, ETC.—
The rule of court, requiring the folios of a transcript to be numbered,
and the pages and margins of the size required, is directory, and a
writ of error will not be dismissed, or a cause stricken from the
docket for failure to comply therewith, as held in Mora v. Schick, 4
N. M. (Gil.) 301, in considering a similar provision, no penalty being
prescribed for violating the rule.

ID.—SECTION 522, COMPILED LAWS, N. M., 1884—RULE 24.—Nor will a
writ of error from the district court to the supreme court, to review a
decree in chancery, be dismissed or the cause stricken from the
docket, for a failure to comply with rule 24 of this court, section 522,
Compiled Laws, 1884, which is a limitation upon the power conferred
upon the courts by section 521, to adopt rules of procedure, so far as
it affects proceedings in chancery, requires the supreme and district
courts, in the exercise of chancery jurisdiction, to conform their de-
cisions, decrees, and proceedings to the laws and usages peculiar to
that jurisdiction in this territory, and in the United States courts; and
it was not the intention of the court, by the language used in rule 24,
to violate said section 522.

ERROR to the First Judicial District Court, Santa
Fe county.    Motion to dismiss writ of error, and strike
the record from the files.    Motion overruled.

The facts are stated in the opinion of the court.

FRANCIS DOWNS for plaintiffs in error.

W. T. THORNTON and E. L. BARTLETT for defend-
ants in error.

BRINKER, J.—This is a motion to dismiss the writ
of error, and strike the record from the files, for the
reasons:    First. Because a writ of error does not lie
to review a decree in chancery; second, because the
folios of the transcript are not numbered, nor the
pages and margins the size required by the rules;
third, because the plaintiff in error failed to deliver to
the solicitor for defendant in error copies of the
printed record; fourth, because the record shows that
a proposed record and bill of exceptions was not settled

and signed by the judge of the court below, as required by rule 24. This court held in accordance with the practice of the federal courts, that a writ of error would not lie in a cause in chancery. Kidder v. Bennett, 2 N. M. 37.

WRIT of error to review decree in equity.

The decision was rendered January 24, 1880. On January 26, 1880, the legislature passed an act, the first section of which is in these words: "All cases, either in law or equity, finally adjudged or determined in the district courts, may be removed into the supreme court of the territory for review, either by appeal or writ of error." This section is in the Compiled Laws, 1884, section 2193. The enactment of this section so soon after the decision in Kidder v. Bennett, supra, shows conclusively that the legislature intended to abrogate the rule announced in that case. As to the second point we think the requirement of the rule as to numbering the folios of the transcript is directory, and the record should not be stricken out for a failure to comply with it. We held in Mora v. Schick, 13 Pac. Rep. 341, in considering a similar provision, that as no penalty was prescribed for violating the rule we would not strike out the record. In Miller v. Presten, 4 N. M. (Gil.) 396, we held that the section of the statute requiring instructions to be numbered was directory, and would not be strictly enforced unless prejudicial error resulted. The third point was waived upon the argument. We will say, however, that it was not well taken. The motion was not filed on the second day of the term, nor supported by affidavit, and twenty-four hours' notice of the intention to file it was not given as required by rule 23. Mora v. Schick, 4 N. M. (Gil.) 301. We do not think the fourth ground of the motion tenable. Rule 24 provides: "Whenever it shall be intended to review by appeal or writ of error a judgment of the district court, a record of the pleadings and proceedings in the case, containing a

RULE requiring folios of transcript to be numbered, construed.

RULE 24: Sec. 522, Comp. Laws.

proposed bill of exceptions if the appellant desires
to present exceptions not appearing on the record,
shall be prepared by the appellant," etc.   This rule is
certainly broad enough to cover chancery as well as
law cases.   Section 522, Compiled Laws, 1884, requires
the supreme and district courts in the exercise of
chancery jurisdiction to conform their decisions, de-
crees, and proceedings to the laws and usages peculiar
to that jurisdiction in this territory, and in the United
States courts.   This section is a limitation upon the
power conferred upon the courts by section 521, Com-
piled Laws, 1884, to adopt rules of procedure, so far
as it affects proceedings in chancery.   It is well known
that no bill of exceptions is necessary in a case in
equity (section 2197, Comp. Laws, 1884; Williams v.
Thomas, 4 N. M. (Gil.) 553; and the record in such
cases consists of the pleadings, report of the master,
all papers and exhibits filed, all depositions and other
evidence reduced to writing and filed, all exceptions
filed, and the decree.   Freem. Judgm., sec. 88; Ferris
v. McClure, 40 Ill. 99; Smith v. Newland, Id. 100;
Putnam v. Day, 22 Wall. 60.   The case last cited was
upon a bill of review, but the definition of a record
there given is applicable here.   We can not think that
the court, by the language used in this rule 24, intended
to violate section 522, supra.   The above observations
will apply to and govern the other motions argued and
submitted with this.   The motion is denied.

LONG, C. J., and HENDERSON and REEVES, JJ.,
concur.