(No. 14794.—Reversed and remanded.)
FRED YOUNG et al. Appellants, vs. JAMES JAMESON et al. Appellees.

*Opinion filed February 21, 1923.*

1. PLEADING—*answer to any part of bill waives demurrer.* An answer to any part of a bill demurred to will overrule or waive the demurrer even though the part answered be immaterial, and where a bill is answered at the same time it is demurred to, the complainant should treat the bill as answered; and it is error for the court to dispose of the cause on the demurrer.

2. SAME—*proper course where a bill is demurred to and answered.* The demurrer is waived if a bill in chancery is demurred to and answered at the same time, and the complainant must either except to the answer if he deems it insufficient, or file a replication if he regards the answer as sufficient.

3. EQUITY—*written motions need not be incorporated in certificate of evidence.* All written motions in chancery are parts of the record without being preserved or incorporated in the certificate of evidence, as a certificate of evidence has no appropriate place in a chancery suit except to preserve oral evidence introduced on the hearing.

APPEAL from the Circuit Court of Madison county; the Hon. J. FRANK GILLHAM, Judge, presiding.

HILES, NEWELL & BROWN, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS, (WILLIAM P. BOYNTON, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Fred Young and nine other residents and tax-payers of the village of East Alton, appellants, filed their bill for injunction against James Jameson, president, George A. Crawford, clerk, Walter A. Hale, treasurer, and Louis Bauer, August Frey, Gable Jones, Homer Lawrence and Russell Gibson, members, of the board of trustees of the village of East Alton, appellees, to enjoin them from carrying out

the terms of an alleged illegal contract for the purchase of certain lots of land for a park site and that the contract be declared void and set aside, and that appellees be ordered to place in the treasury of the village the money alleged to have been illegally and unlawfully used in the payment of the lots and the money wrongfully spent in the improvement of the same. Appellees filed a general and special demurrer and an answer to the bill, as one pleading. Appellants filed a written motion to strike from the files the pleading, because, against the rules of equity pleading, it purported to be both a demurrer and an answer to the bill. The motion was denied and the demurrer was sustained by the court and the bill dismissed for want of equity.

The facts alleged in the bill not already indicated in our statement of the case are the following: About May 17, 1921, on motion the trustees aforesaid unanimously voted to purchase for park purposes for the village certain lots described in a letter of Walter A. Hale, the village treasurer, addressed to James Jameson, president of the village board, at the price and terms mentioned in the letter. The body of the letter thus addressed and signed by Hale is in this language: "Regarding our conversation relating to park site in Altwood addition adjoining the main St. Louis road, the lots I am quoting are numbers 90, 91, 92, 93, 94, 95, 96, 97, 98, 99 and 100, having a total frontage on the St. Louis road of 350 feet, on Pence avenue 365 feet, west end 74 feet, east end 217 feet, total of eleven lots. I have paid the first installment on the water and the first installment on the paving. The list price of the lots was $3500 exclusive of any special improvement tax. The special improvement tax paid, as stated above, cost me $560.40, making a total of $4060.40 to the village for park site I quote you, as follows: $4060, payable $560.40 the first year, $500 and the interest at the rate of six per cent per annum each and every year thereafter until the said sum is first paid." The president and board of trustees claim to have

made the purchase under an act authorizing village boards in villages of less than 50,000 inhabitants to purchase sites for park purposes. The village has a population greater than 1500 inhabitants and less than 50,000. There was no money in the treasury which had been appropriated for park purposes, and there was not sufficient money in the treasury not otherwise appropriated to purchase the property. The village for the year 1921 levied the maximum amount of tax for general purposes allowed by law, and the tax levied for park purposes is in excess of that allowed by law for general purposes. No election was held submitting the question of purchasing a park site to the inhabitants of the village. About June 7, 1921, at a regular meeting of the board there was presented by Henry H. Bauer a bill for $500 for first payment on the purchase for park site. The bill was allowed and the warrant was drawn on the treasury for said amount and was paid to Bauer, all the trustees voting for the payment of the bill except Russell Gibson, who voted against it and was discharged as a member of the finance committee by the president for opposition to the bill. In addition to the amount so paid, the trustees caused to be paid out of the general funds of the village treasury between $500 and $600 for improvements on the lots. There is still unpaid on the pretended purchase about $3500, and unless the defendants are restrained from further proceedings in the matter they will continue to improperly, illegally and without authority of law use the funds of the village for the payment of the amount unpaid for the park site and will further divert and expend the funds of the village in improving and maintaining the same. The lots are wholly unsuited for park purposes and the price to be paid therefor is exorbitant. Bauer was owner of the lots and a partner of Hale, the treasurer, and they are doing a real estate business in the village under the name and style of Bauer & Hale. The bill sets up the ordinance passed by the board and approved by the president July 19, 1921, for

the levy and collection from the taxable property of the village of the sum of $1100 for park purposes for the year beginning May 1. 1921, and ending April 30, 1922. The ordinance directs the village clerk to file a certified copy of the ordinance with the county clerk of Madison county on or before September 20, 1921, and further provides that it shall be the duty of the county clerk to extend the taxes upon the collector's books for said year. The bill alleges that the tax levy ordinance is void because no appropriation ordinance appropriating said sum was ever passed and published according to law, and that the tax levy is void and that the contract aforesaid is void, and that all sums paid on the contract or for the improvement of the park are not authorized by law.

An answer to any part of a bill in chancery demurred to will overrule the demurrer even though the part answered be immaterial. (Puterbaugh's Pl. & Pr. in Chancery,—5th ed.—92; *Harding* v. *American Glucose Co.* 182 Ill. 551; *Brill* v. *Stiles,* 35 id. 305.) The demurrer of appellees to the bill being overruled or waived by the filing of an answer at the same time did not have the effect of doing away with appellees' answer. Appellants, instead of moving to strike the demurrer and answer from the files, should have treated the bill as answered, simply. If the answer was regarded as insufficient in any particular it should have been attacked by exceptions for insufficiency and the exceptions set down for a hearing before the chancellor. If it was regarded as sufficient a replication should have been filed, and the cause would have then stood for a hearing upon the bill and the answer, or for a reference to the master for proofs, or for proofs and findings. As the record stands, the cause has been disposed of on demurrer which was waived or overruled. In this the court committed error for which its decree will have to be reversed.

We deem it proper to notice some of the contentions of appellees, as in their brief and argument they have treated

this cause as if it stood on the bill and the demurrer. The court seems to have treated the matter in the same way, as the record shows that the demurrer to the bill was sustained and the bill dismissed for want of equity.

Appellees contend that the record in this case does not properly contain the motion of appellants to strike the demurrer and answer from the files because it was not incorporated in the certificate of evidence signed by the judge. All written motions in chancery are parts of the record without being preserved or incorporated in the certificate of evidence. In law cases the rule is, in substance, that such motions, to become a part of the record, must be incorporated in a bill of exceptions signed by the judge; but a bill of exceptions has no appropriate place in a suit in chancery unless it be to preserve oral evidence introduced on the hearing. (*Ferris* v. *McClure,* 40 Ill. 99.) While the motion to strike the demurrer and answer is incorporated as part of the record it really had no proper place therein for the reasons already stated. In other words, it should not have been filed in the first instance, and being filed should have been overruled, and particularly as to the answer. But if the motion had never been made appellees' demurrer was overruled by the answer and must be entirely disregarded.

The contention of appellees that the owner of the lots in question, Henry H. Bauer, should have been made a party to this bill deserves serious consideration by appellants. The same is true as to their contention that the bill does not allege that there was no appropriation made by the village board preceding the making of the contract to purchase the lots, in accordance with section 4 of chapter 24, (Hurd's Stat. 1921, p. 340,) if they intend to avail themselves of such an averment. The bill merely alleges there was no appropriation bill passed in relation to the $1100 mentioned in the levy ordinance. No such questions, however, are raised by the answer to the bill, and for that rea-

son appellees are in no position to contend that the bill is defective or insufficient.

The decree of the circuit court is reversed and the cause remanded for further proceedings, with directions to allow amendments to the pleadings if either party desires to so amend.

*Reversed and remanded, with directions.*