Emma S. Velde et al., trading as Velde Lumber Company, Defendants in Error, v. John William Schrock et al., Plaintiffs in Error.

Gen. No. 8,241.

Opinion filed January 24, 1929. Rehearing denied April 4, 1929.

CLAUDE U. STONE and H. A. BALLENGER, for plaintiffs in error; W. W. WHITMAN, of counsel.

WM. J. REARDON, for defendants in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This suit was instituted by defendants in error to foreclose a mechanic's lien upon property described in the bill and to recover $1,415.35, being the balance claimed to be due from plaintiff in error John William Schrock to the defendants in error. The bill is based upon a verified claim for lien for materials furnished, setting out the nature of the contract, the items and

the dates of delivery of the same from November 20, 1922, the date of the first delivery, to August 11, 1923, when the last items were furnished and delivered and the contract completed. This verified claim for lien was filed with the clerk of the circuit court of Tazewell county, where the premises were situated, June 14, 1924, and the petition to foreclose was presented to the circuit court of said county on June 6, 1925. To the petition, plaintiffs in error John William, Bina and Frances Schrock filed a general and special demurrer and four separate pleas. Plaintiff in error John William Schrock was the owner of the premises (improved) at the time of making said contract, the furnishing of the material and until December 30, 1925.

The first plea charges that H. L. Huffington, under and by virtue of a contract with plaintiffs in error Bina Schrock and Frances Schrock, on the 16th day of April, 1925, being then the owners of said premises, entered into the actual, open, visible, exclusive and notorious possession of said premises, and from thence hitherto said Huffington has had and still has such adverse possession of said lands.

The second plea avers that on December 30, 1925, by a sufficient warranty deed, plaintiff in error John W. Schrock sold and conveyed the premises in question to the said plaintiffs in error Bina and Frances Schrock, and that they thereupon became the sole, absolute, exclusive and only owners of said premises, subject only to the interest of the Pekin Loan and Homestead Association as mortgagee and of the said H. L. Huffington under said contract, and that from thence hitherto neither plaintiff in error John W. Schrock nor any person other than the said Bina and Frances Schrock, Pekin Loan and Homestead Association and H. L. Huffington has had any right, title or interest in or to said premises, etc.

The third plea sets out a portion of the verifica-

tion to the claim for lien, sworn to by one of the defendants in error, as follows: "That the first materials were furnished and delivered on November 20, 1922, and the last on the 25th day of May, 1923." The plea then refers to said claim for mechanic's lien for certainty and attaches a copy as exhibit A, and declares the same to be a part of the plea. The plea further alleges that said claim for a mechanic's lien was the only claim at any time filed against the premises described in the bill and the plea avers that the claim for mechanic's lien fails to show or state that any building materials were furnished or the alleged contract completed or extra or additional work done after May 25, 1923, or within two years next preceding the commencement of this suit and the plea claims the benefit of the statute of limitations in that respect. Exhibit A, attached to the plea, does show items of material furnished in the months of May, June, and August, 1923. In the copy of the invoice, bills of items, exhibit A, consisting of several pages attached to the claim for lien, the last two pages appear to be transposed and do not follow in their regular order, the last item of charge on the final page being dated "May 25th," while the June and August items appear on the preceding page. By this error both parties apparently were misled in this matter.

The fourth plea sets out a proceeding in bankruptcy, plaintiff in error John W. Schrock having filed his petition in the United States District Court at Peoria, to which proceeding defendants in error were made parties and summoned, and in which it is charged in the plea there was a finding and judgment that this claim for a lien was fraudulent and was barred by the statute of limitations.

Plaintiffs in error amended their pleas, by leave of court, by adding thereto that by reason of the convey-

ance by plaintiff in error John William Schrock to plaintiffs in error Bina and Frances Schrock, they became and since have been subsequent purchasers of all of said premises; that all and every part of said building materials was furnished on or before May 8, 1923, and that the claim and debt therefor became due on and before May 8, 1923, and for the reason that no claim for lien was filed within four months after the completion of the work and no suit commenced before June 14, 1924, more than four months after the completion of any contract, and by reason of plaintiffs in error being purchasers, said claim for mechanic's lien is wholly null and void as to the interests of plaintiffs in error Bina and Frances Schrock. The pleas are to the whole bill and plaintiffs in error prayed to be dismissed and for costs. Replication was filed to the pleas. The defendant Samuel Wagler presented a cross-petition in his behalf, which upon the pleadings was dismissed and Wagler discharged from the case.

Thereupon, on November 23, 1925, in an order of court reciting the pleadings and the issues, the court referred the cause to the master in chancery "to look into the bill and the said pleas and the replication filed thereto in said cause and the bill in equity in said plea mentioned, and ascertain whether or not all or any of said pleas are true in substance and in fact and to report and certify your findings, together with the proof to the court with all convenient speed."

The proofs were submitted before the master on December 12, 1925, and January 4, 1926. On January 27, 1926, the master gave notice to all parties that he had prepared a report and had fixed upon the 2nd day of February, 1926, at 10 o'clock a. m. for the filing and consideration of objections, if any, to said report.

It further appears from the record that on the 30th day of January, 1926, in what is recited as an

order of court, plaintiffs in error appeared and filed their motion for leave to withdraw, without prejudice, their demurrer and pleas heretofore filed herein, and to file their answer to the complainants' bill of complaint instanter. There was no order made upon said motion and on the same day court adjourned to court in course. The master's report was considered upon February 2, 1926, at which time and place all parties attended or were represented by solicitors. No objections of any kind were made to said report, but plaintiffs in error did appear and present a written motion to the master to suspend further proceedings until the court could act upon a motion to amend the pleadings, which motion had been filed with the clerk and was presented to the master. The motion was overruled by the master and a verbal motion was made by plaintiffs in error for leave to offer additional proofs relative to the purchase of the premises in question by plaintiffs in error Bina and Frances Schrock. The latter motion, upon consideration, was overruled. The master's report was filed and later, without any exceptions made to it, was submitted to the court and a decree entered. On February 13, 1926, and before said report was acted upon, plaintiffs in error appeared and again submitted their motion, supported by affidavits, and asked leave to file instanter affidavits in support of their motion made January 30, 1926, and the affidavits of C. W. Hall, Bina Schrock and H. A. Ballenger were submitted and filed with the clerk. The whole matter appears to have come before the court on April 24, 1926, upon the motion of defendants in error to strike from the files the motion of plaintiffs in error for leave to amend the pleadings, and it is recited: "The court now having heard the said motion and the arguments of counsel and on due consideration, being fully advised in the premises, sustains said motion." Thereupon the master's report was

approved and a decree entered dismissing the Pekin Loan and Homestead Association out of the case. A default was entered against the defendant H. L. Huffington and a foreclosure of the premises ordered. No liability was adjudged against any of the plaintiffs in error personally.

The plaintiffs in error filed objections and exceptions to the decree, prayed and were allowed an appeal, and afterwards on April 29, 1926, plaintiffs in error filed with the clerk their motion, supported by affidavits, to vacate and set aside the order entered on April 24, 1926, sustaining defendants' motion to strike, etc., and granting a decree approving the master's report and findings. The motion and affidavits are set out in what purports to be the record, certified by the clerk, and of which the affidavits cover nearly 50 pages. This motion with a form answer, for which leave had never been given to file, appears never to have been brought to the attention of the court, and no action appearing to have been requested or taken thereon, the court on the following day, April 30, 1926, adjourned to court in course. At the later terms further action was attempted upon this motion, new and additional motions filed and further affidavits filed with the clerk which have been incorporated in the record.

It does appear that on August 17, 1927, an order was entered that all papers and all motions filed "by the defendants or any one of them herein, since the entering of said final order be, and the same are hereby stricken and the said cause is stricken from the docket." In passing it may be noted that some of the later motions and affidavits went so far afield as to attempt to bring into this record the full proceedings between plaintiff in error John William Shrock and a former wife, including their divorce and the support of children, in an attempt to trace a document that was not known about at the time of the hearing of this case,

and the abstract of title to lands owned by the Triplex Washing Machine Company, situated at a considerable distance from the lands in question in Pekin, are set out in this record as a fruitful source of study.

Before taking up the merits of the case and the decree, we are met at the outset with a motion by defendants in error, taken with the case, to strike from the record and the transcript thereof the following motions, exhibits and affidavits, namely:

First: Motion by plaintiffs in error of January 30, 1926, for leave to withdraw pleas without prejudice and to file answer.

Second: Motion by plaintiffs in error of February 13, 1926, for leave to file instanter affidavits of C. W. Hail, Bina Schrock and H. A. Ballenger in support of former motion, together with affidavits.

Third: Motion of April 29, 1926, by plaintiffs in error to vacate decree sustaining defendants' motion to strike, and approving the master's report, etc., together with the affidavits presented therewith.

Fourth: And the motion to strike includes all the motions, affidavits and proceedings attempted to be taken in said cause after the adjournment of the term following the decree on April 30, 1926. The basis of the motion is that the record of none of said motions, affidavits or proceedings has been preserved by a certificate of evidence and are not properly before the court, while plaintiffs in error urge that in chancery all motions and affidavits which are connected with or support a motion and proceedings are incorporated in and form a part of the record without a certificate of evidence. It is doubtful if counsel on either side have stated the rule exactly.

In *Young v. Jameson,* 307 Ill. 71, 75, the court held:

"All written motions in chancery are parts of the record without being preserved or incorporated in the certificate of evidence. In law cases the rule is, in substance, that such motions, to become a part of the

record, must be incorporated in a bill of exceptions signed by the judge; but a bill of exceptions has no appropriate place in a suit in chancery unless it be to preserve oral evidence introduced on the hearing." (*Ferris v. McClure*, 40 Ill. 99.) A stipulation becomes a part of the record (*Dilworth v. Curts*, 139 Ill. 508, 519), where it is held:

"But it is said this stipulation is no part of the record. We do not concur in this view. . The stipulation, after having been executed, was filed with the bill, answer and replication as one of the papers which constituted the files in the cause. The bill, answer, replication, and all exhibits to the bill and answer, and depositions taken in the cause, and other papers filed in the cause as a part thereof, became a part of the record without being preserved by certificate of evidence. (*Bressler et al. v. McCune et al.*, 56 Ill. 481; *Stevison v. Earnest*, 80 id. 513, which lay down the correct rule on this subject.) It is there said: 'Our practice with regard to the making of records of judgments is different from that which obtained at common law. The papers of a case, when filed, under our statute become a part of the record as fully as if copied into the record book of the court. (*Harding v. Larkin*, 41 Ill. 423.) And transcripts of the record are made by copying the files and the orders of court as entered of record by the clerk. Here the stipulation was filed as one of the papers in the cause. As such it had its office to perform in like manner as did the bill, answer or one of the exhibits, and as one of the files in the cause no certificate of evidence was required to make it a part of the record.' "

In *Bressler v. McCune*, 56 Ill. 475, 481, the rule is laid down:

"From an inspection of the record we can not say that this cause was heard at the final hearing simply on bill, answer and replication, without evidence. If

depositions are regularly taken in a chancery cause and filed therein, they will be taken and considered as a part of the record without any certificate of the judge for that purpose, and the court will presume that such depositions were read at the final hearing of the cause, although there is no recital in the final decree to that effect. The same rule prevails as to exhibits made a part of the bill and regularly filed therewith, and the court in like manner will presume that they were considered on the hearing. *Ex parte* affidavits produced on a motion to dissolve an injunction can not be read as evidence on the final hearing, except by consent of the parties, which should appear from the certificate of the judge who heard the cause. In this instance the evidence heard on the motion to dissolve the injunction was made a part of the record by the certificate of the judge."

In *Yott v. Yott*, 257 Ill. 419, 421, the court said:

"There is no distinction between a bill of exceptions and a certificate of evidence, both of which are designed to preserve and make a part of the record proceedings not otherwise of record, and the certificate of evidence will prevail over the recitals by the clerk in the record. (*Hirth v. Lynch*, 96 Ill. 409; *McChesney v. People*, 174 id. 46; *Catholic Order of Foresters v. Fitz*, 181 id. 206; *Indiana, Decatur and Western Railway Co. v. Hendrian*, 190 id. 501.) That which is proper matter for a bill of exceptions or certificate of evidence and which is not contained in it is to be taken as not having occurred."

In *DuQuoin Water-Works Co. v. Parks*, 207 Ill. 46, 49, the court held in a chancery case that the affidavits used in connection with a motion for a continuance did not form a part of the record, unless made such by certificate, and in *Lange v. Heyer*, 195 Ill. 420, 422, on a motion to vacate a decree, the court adhered to the same rule.

In *Van Pelt v. Dunford,* 58 Ill. 145, 146, the court held:

"The appellant seeks a reversal of the decree in this cause, on two grounds. First, that the court ought to have awarded a new hearing on the affidavits filed in aid of a motion for that purpose. The affidavits to which reference is made form no part of the record, and can not be considered by the court. The appellant, to obtain the benefit of the affidavits in this court, should have had the same made a part of the record by the certificate of the judge who heard the cause in the circuit court. In the absence of such certificate, we will not presume, from the mere fact that the affidavits were found among the files of the cause, that the same were read to the court. There is no certificate of the judge making the affidavits we are asked to consider, any part of the record, and for that reason we must decline to look into them. That which purports in the record to be a certificate of the evidence, is not signed by the judge who heard the cause on the circuit."

And again, recently, the court confirmed the rule in *Williams v. De Roo,* 316 Ill. 23, 26, holding:

"The first error assigned and argued is that the chancellor erred in denying the application for a change of venue. While the motion for a change of venue becomes a part of the record in a chancery case when it is filed, the affidavit supporting the motion, which the statute requires shall be attached to it, does not become a part of the record unless preserved by a certificate of evidence. (*Bellinger v. Barnes,* 223 Ill. 121; *VanPelt v. Dunford,* 58 id. 145.) The fact that the affidavit in support of the motion has been copied into the record by the clerk does not bring it before us for our consideration. (*DuQuoin Waterworks Co. v. Parks,* 207 Ill. 46; *Lange v. Heyer,* 195 id. 420.) The question is not presented for review."

Altogether it seems plain that bills, answers, replication and exhibits to the same, all motions, orders, stipulations, depositions and reports of masters, with proofs attached, constitute parts of the record. The rule may cover other matters. But where extraneous matters are brought in by affidavit in support of motions or oral proofs submitted to the court, they do not form part of the record unless made a part by a certificate of evidence. Under this rule the motions made by plaintiffs in error on January 30 and February 13, 1926, are a part of the record and should not be stricken. The motion of April 29, 1926, and motions made after the adjournment of the term are governed by a different rule. All affidavits submitted by plaintiffs in error and pleadings for which no leave was given to file in support of motions not contained in the master's report should be stricken. As to the motion made on April 29, 1925, and which was not called to the attention of the court and upon which the court had no opportunity to pass, this motion did not have the effect to carry the cause over the term and should be stricken from the record. A motion merely filed with the clerk and not brought to the attention of the court does not constitute a motion. (*Harris v. Chicago House Wrecking Co.*, 314 Ill. 500, 505; *City of Marengo v. Eichler*, 245 Ill. 47, 49; *City of Decatur v. Barteau*, 260 Ill. 612, 615; *Sinclair v. Sinclair*, 224 Ill. App. 130, 140.)

It is elementary that the court can have or take no jurisdiction over its decree after the adjournment of the term, and all motions in this case made after the adjournment of the term become mere attempts to correct error by the motion in substitute for the writ of error *coram nobis*, which does not apply to chancery practice. (*Tosetti Brewing Co. v. Koehler*, 200 Ill. 369, 373; *Tobias v. Tobias*, 193 Ill. App. 95, 98;

*Bill Board Pub. Co. v. McCarahan,* 180 Ill. App. 525, 541; *Cigler v. Keinath,* 167 Ill. App. 65, 68.)

Was there error in the decree? There were no objections filed to the master's report before the master or exceptions taken before the chancellor. In such cases it has been held that if the evidence before the master is incompetent or insufficient to establish a claim or fact against a defendant, he must file objections to the master's report and, if overruled, renew the same in the trial court, otherwise he cannot afterward call in question the sufficiency of the evidence. The master's report, where no exceptions are taken, is conclusive on the parties. (*Cheltenham Improvement Co. v. Whitehead,* 128 Ill. 279, 284; *Whalen v. Stephens,* 193 Ill. 121, 132.) The fact that there was a clerical error in the statement of claim for lien cannot defeat the lien when the same exhibit, in the items, gave the correct figures and showed the statement to be a clerical error. (Section 7, ch. 82, Rev. St., Cahill's St. ch. 82, ¶ 7; *City of Chicago v. Anglum,* 104 Ill. App. 188.) There was no testimony that plaintiffs in error Bina and Frances Schrock were innocent purchasers of the premises, or that they paid any consideration for the land. It was incumbent upon them to show this. *Brown v. Welch,* 18 Ill. 343; *Lowden v. Wilson,* 233 Ill. 340, *McGuire v. Gilbert,* 270 Ill. 160, 169. In addition, the schedules of John William Schrock in bankruptcy showed that, contemplating his insolvency, he conveyed the premises to his sisters to release a portion of his former indebtedness to them. Plaintiffs in error paid no present consideration for the premises. This covers all defenses plaintiffs in error could claim under the first and second plea. The third plea is based upon a clerical error by which plaintiffs in error were misled and on account of which they desired to withdraw their pleas. The fourth plea, that the merits of the claim had been passed upon in the United States

Court in bankruptcy, was not proven. The plea was not in form and in any event the bankrupt did not list or schedule the lands in question, which is the only subject matter of this suit, and inasmuch as the decree in this cause finds no personal liability, the bankruptcy court had no jurisdiction over any of the matters that are litigated in this cause. Only one other error could be claimed, and that is that the court abused its discretion and erred in not permitting plaintiffs in error to withdraw their pleas and file an answer, in overruling the motion of plaintiffs in error of January 30 and February 13, 1926. The cause had been heard by the master and a report drawn. The case had been decided. No showing was made upon which a court could exercise its discretion, according to this record, unless such orders are granted as of course. If it should be conceded that all the charges attempted to be shown by plaintiffs in error in this record were true, it would only show that plaintiffs in error had misconceived their remedy, which would fully account for the court's rulings and conduct. Plaintiff in error John William Schrock has no interest in this cause.

We do not hold that the circuit court of Tazewell county abused its discretion in denying said motion under the peculiar facts in this case. Finding no error in the record, the decree of the circuit court of Tazewell county is affirmed.

*Affirmed.*