525 P.2d 369

**Procopio F. ANGEL et al., Plaintiffs-in-Error,**

v.

**Floye Jean WIDLE, Defendant-in-Error.**

**No. 9850.**

Supreme Court of New Mexico.

Aug. 2, 1974.

Tapia & Campos, Lorenzo E. Tapia, Miguel P. Campos, Albuquerque, for plaintiffs in error.

Pat Sheehan, Albuquerque, for defendant-in-error.

## OPINION

OMAN, Justice.

This cause is before us on a writ of error. Defendant in error, Floye Jean Widle, hereinafter referred to as petitioner, by application filed August 1, 1973, sought a writ of habeas corpus from a New Mexico district court directed to plaintiffs in error, hereinafter referred to as respondents, commanding them to produce Tony Kris Angel, the five year old son of petitioner and respondent, Ferman Angel, hereinafter referred to as Ferman, and to show cause, if any they had, as to why they, respondents, were detaining the child and should not be compelled to deliver him into the custody of petitioner.

Petitioner and Ferman were divorced in Utah by interlocutory decree dated June 23, 1970, which became final after three months. By a decree of the district juvenile court of Utah dated May 4, 1970, petitioner was declared to be an unfit mother and was deprived of the care, custody and control of the child "until further order of this court." The care, custody and control of the child were placed with his father, Ferman, by the Utah court in this same decree, and it was therein expressly provided: "This court retains jurisdiction until further order of this court. This matter will be reviewed the 10th day of August, 1970." The record before us is silent as to whether this review was conducted by the Utah court. However, it does appear that petitioner, on May 15, 1973, petitioned the Utah court for the restoration to her of the custody of the child. Several months prior thereto the respondents had

moved from their home in Nevada, and the Utah court was unable to locate the child until some time in July 1973. At that time he was living with respondents, Mr. and Mrs. Procopio F. Angel, his paternal grandparents, at Los Lunas, New Mexico.

After a hearing on an order to show cause in the habeas corpus proceedings, the New Mexico court entered an order in which it was found and ordered that the court (1) has jurisdiction over the custody of the child, (2) takes under advisement the question as to whether the application for habeas corpus states a cause upon which relief can be granted, (3) grants petitioner leave to amend her pleadings, and (4) continues the cause and retains jurisdiction over the custody of the child.

Petitioner then filed a motion for temporary custody of the child for the sole purpose of transporting him to Utah and presenting him in the Utah court at the hearing to be held on October 23, 1973 upon the petition to have the custody of the child restored to petitioner. After a hearing on this motion, the New Mexico court entered an order on October 15, 1973 finding, among other things, that the Utah court has original jurisdiction over the issue of custody of the child and that this issue should be heard and determined by the Utah court. Petitioner was thereupon awarded temporary custody of the child for the purposes of transporting him to Utah and presenting him before the Utah court at the hearing scheduled for October 23, 1973. The New Mexico proceedings were stayed pending a determination by the Utah court of the issue of custody of the child.

Respondents thereupon sued out the writ of error by which the cause was brought before us. We dismiss the writ and remand the case to the district court for whatever action appears proper to enforce its temporary custody order and to bring the cause to its final conclusion.

We dismiss the writ because the temporary custody order was not a final judgment or an interlocutory judgment, order or decision which practically disposed of the merits of the action as required by Rule 5(1) and (2) of the Rules of the New Mexico Supreme Court [§ 21–2–1(5)(1) and (2), N.M.S.A.1953 (Repl.Vol. 4, 1970)], which rules were in effect prior to April 1, 1974 and at all times material to this cause. Although these rules do not specifically state that a writ of error may not be granted to review something less than a final judgment or an interlocutory judgment, order or decision which practically disposes of the merits of the case, respondents concede there is no difference between the degree of finality of judgments, orders or decisions which may be reviewed by appeal and the degree of finality of judgments, orders or decisions which may be reviewed by error. This has consistently been the position of this court. Farish v. Mining Co., 5 N.M. 234, 21 P. 82 (1889); Milosevich v. Board of County Commissioners, 46 N.M. 234, 126 P.2d 298 (1942); Rules 2 and 3(a) of Rules Governing Appeals to the Supreme Court and Court of Appeals and Original Proceedings in the Supreme Court, which became effective April 1, 1974. "Writ of Error" is defined in 2 Bouvier's Law Dictionary (3rd Rev. by Rawle, 1914) as: "A writ issued out of a court of competent jurisdiction, directed to the judge of a court of record in which *final judgment has been given.* * * *" [Emphasis added]

The writ of error should be dismissed and this cause remanded to the district court.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.