This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NATALIA GUTIERREZ BARTON,**

Petitioner-Appellee,

v.                                                                                    **NO. 29,501**

**RAY HUNTER BARTON, III,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, District Judge**

Standridge Law Firm, P.C.
Scott Aaron
Albuquerque, NM

for Appellee

The Family Law Firm, P.C.
Felissa M. Garcia
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Respondent appeals from the district court final decree of dissolution of marriage. [DS 2] We issued a calendar notice proposing to summarily dismiss this appeal for lack of a final order. Respondent filed a timely memorandum in opposition. After due consideration, we dismiss this appeal.

**DISCUSSION**

This Court's jurisdiction lies from final, appealable orders. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is final is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. An order is final if all issues of law and fact necessary to be determined have been determined and the case disposed of by the district court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038.

In our calendar notice, we noted that the dissolution decree from which Respondent has appealed does not appear to resolve the underlying proceedings to the fullest extent possible. The petition for dissolution of marriage requested the district court to determine issues of child custody and child support. [RP 1-3] However, those issues appear to remain open for future resolution. The decree provides that the district court "reserves jurisdiction over the issues of time-sharing, custody and child support" and that the parties should adhere to an interim order with respect to time-sharing until further order of the court. [Id. 329] The

2

decree directs the parties to confer about child support and contemplates a hearing if the parties are not able to stipulate to an agreement. [Id. 330] We noted that this language clearly indicates an intention on the part of the district court to render a conclusive decision on time-sharing, child custody, and child support in the future. However, the decree does not contain language certifying it under Rule 1-054(B)(1) NMRA. Under such circumstances, we thought it would be imprudent to treat the district court order as final. *See Thornton v. Gamble*, 101 N.M. 764, 768, 688 P.2d 1268, 1272 (Ct. App. 1984) ("When a petition for dissolution of marriage is filed requesting relief in more than one area (divorce, custody, support, alimony, and property or any combination thereof), the court must adjudicate all issues raised by the pleadings or determine that there is no just reason for delay before its decision will be final enough to allow appellate review."); *Angel v. Widle*, 86 N.M. 442, 443, 525 P.2d 369, 370 (1974) (holding that a temporary custody order was not a final judgment, and therefore dismissing the appeal).

In response, Respondent urges us to construe the decree as final with respect to the issues he seeks to appeal, spousal support and ownership of the Lexus vehicle, because the decree clearly indicates on its face that the district court intended them to be final. [MIO 2-3, 6] Respondent further contends that he did not appeal any of the issues related to child custody or child support because the decree makes clear that issues of child custody and child support are not final for

purposes of appeal. [MIO 7] Respondent's acknowledgment that the district court has not resolved the issues of child support and child custody persuades us that the decree is not final for the purposes of appeal, particularly in the absence of certification language.

As we acknowledged in our calendar notice, the reservation of continuing jurisdiction in domestic relations cases is standard practice, which does not typically deprive this Court of authority to consider appeals. *See Thornton*, 101 N.M. at 768, 688 P.2d at 1272 ("[A] divorce court may reserve continuing jurisdiction . . . [s]uch a reservation does not destroy the finality of a judgment."). However, the ability to reserve jurisdiction does not "make all interlocutory orders in domestic relations cases final for purposes of appeal." *Id.* In this case, even though the district court retained jurisdiction over child support and child custody, the district court has not entered a final, appealable order with respect to those issues. Thus, the decree is not practically final as Respondent argues.

We agree with Respondent that a final decision does not necessarily mean the last possible order in a case. [MIO 3] However, we reject Respondent's assertion that our disposition creates confusion about when to file a notice of appeal in a domestic relations case. [MIO 4-6] If an order resolves all matters raised in a petition or motion, it is final for the purposes of appeal, even though the order may be subject to modification. *See Thornton*, 101 N.M. at 768, 688 P.2d at

4

1272.  Thus, a party who wants to appeal such an order must file a notice of appeal within thirty days.  *See* Rule 12-201 NMRA.  However, if all issues are not resolved, the party should request the district court to include language certifying the order under Rule 1-054(B)(1).  Our review of such interlocutory orders is subject to discretion.

We have a "strong policy in New Mexico disfavoring piecemeal appeals." *See Kelly Inn*, 113 N.M. at 239, 824 P.2d at 1041.  In this case, the district court has not resolved all matters raised in the petition to the fullest extent possible.  We remain persuaded that by reserving judgment with respect to the core issues advanced in the petition, the decree is interlocutory in nature, such that no right of immediate appeal exists.  *Cf. Khalsa v. Levinson*, 2003-NMCA-018, ¶ 29, 133 N.M. 206, 62 P.3d 297 (characterizing interim orders as interlocutory, non-final orders).  Accordingly, we conclude that this appeal should be dismissed for lack of a final, appealable order.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**