This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,800**

**ISMAEL VASQUEZ,**

Defendant-Appellant.

`

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Gary M. Jeffreys, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from his convictions for armed robbery, conspiracy to

commit armed robbery, and possession of a firearm by a felon. Defendant filed a docketing statement that was rejected by this Court in part because Defendant failed to provide a description of the facts necessary to evaluate his claims of error. Defendant then filed an amended docketing statement that again failed to provide the facts necessary to evaluate his claims. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has timely filed a memorandum in opposition, pursuant to an extension of time. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence as to all of his convictions. [Amended DS 5; MIO 1-4] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. In this Court's notice of proposed summary disposition, we indicated that we would only address Defendant's conviction for armed robbery, as this was the only charge for which Defendant provided the facts relevant to his claim. In Defendant's memorandum in opposition, he makes arguments as to all three of his convictions. He fails, however, to persuade us that summary affirmance is inappropriate.

2

Defendant contends, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that there was insufficient evidence to support his convictions for armed robbery and conspiracy to commit armed robbery because the State failed to establish that he was one of the people who perpetrated the crimes. [Amended DS 5; MIO 1] We conclude that there was sufficient evidence to support these convictions. A witness testified that both Defendant and Defendant's accomplice described the robbery to him and that each said that Defendant took part in the robbery. [Amended DS 3, 5] Furthermore, Defendant's hair was found in a cap located several blocks from the scene of the crime along with a pile of clothes that matched the description of the robber. [Amended DS 4] Although Defendant attacks the witness's credibility because he was a jailhouse informant, it was for the jury to weigh this evidence, not this Court. *See State v. Sosa*, 2000-NMSC-036, ¶ 8, 129 N.M. 767, 14 P.3d 32 (observing that the "credibility of witnesses is for the jury" to determine).

Defendant asserts that his conviction for being a felon in possession of a firearm cannot stand because there was no evidence that he was the person wielding the gun. [Amended DS 6; MIO 3-4] In this Court's proposed summary disposition, we stated that we were unable to address this argument because Defendant had not explained what evidence was presented regarding the use of a gun. *See* Rule 12-208(D)(3)

NMRA. In Defendant's memorandum in opposition, he argues that the claim in the docketing statement that there was no evidence presented that Defendant handled the gun must be taken as true and should provide a basis for reversal. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("The facts contained in the docketing statement are accepted as the facts of the case unless they are challenged."). We disagree.

Counsel must set out all relevant facts in the docketing statement, including those facts supporting the district court's judgment. *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984). Here, neither Defendant's docketing statement nor his memorandum in opposition gives this Court any indication about what facts were presented in the district court regarding the robbery. Defendant has had three opportunities to describe the necessary facts, as we would have been willing to rely on any description of the facts in Defendant's initial docketing statement, his amended docketing statement, or his memorandum in opposition. His claim that if trial counsel indicates there was no evidence presented that Defendant handled a gun, that statement must itself be taken as a fact is not persuasive in this case. If trial counsel had described all the relevant evidence presented and then made such a statement, we might view the case differently. But without such a factual description, trial counsel's statement is simply a conclusion that trial counsel believes that the

evidence was insufficient to support this element, not a statement about what evidence was in fact presented in the district court.

We also note that the amended docketing statement is equivocal as to whether no evidence on the subject was presented since what the docketing statement actually says at one point: "nor was there any *physical evidence* to show that [Defendant] possessed the gun used in the crime." [Amended DS 5 (emphasis added)] Physical evidence is not required in order to prove a fact beyond a reasonable doubt—the jury could have properly relied on the testimony of the informant about what Defendant and his co-conspirator told the informant about the crime or on other direct or circumstantial evidence to establish this element of the offense. Furthermore, the State was not required to prove that Defendant physically possessed the gun so long as he was in constructive possession of it. *See State v. Garcia*, 2005-NMSC-017, ¶¶ 13-25, 138 N.M. 1, 116 P.3d 72.

As Defendant has not explained what evidence was actually presented in the district court, we cannot evaluate it, and we decline to either propose summary reversal or to assign the case to the general calendar based on trial counsel's failure to meet his obligations. It is Defendant's burden to demonstrate error on appeal. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the proceedings in the district court and that the

burden of demonstrating error lies with the appellant). Simply raising the unsupported possibility of error is not enough. This is not a case in which trial counsel has made a good faith allegation that he cannot recall the facts necessary to provide this Court with the information it requires. *See Ibarra*, 116 N.M. at 488, 864 P.2d at 304 (stating that "when counsel alleges a legitimate inability to recall and to reconstruct the events through available non-transcript alternatives, this Court will frequently allow time and access to a recording or transcript"). And this Court has given Defendant more than one opportunity to appropriately present his claim of error by first rejecting Defendant's initial docketing statement for its failure to describe the necessary facts, and then indicating in our notice of proposed summary disposition that the failure of the amended docketing statement to fully present the facts would provide a basis for affirmance.

**The Refusal to Sever**

Defendant asserts that the district court erred in refusing to sever the charge for possession of a firearm by a felon. [Amended DS 6; MIO 4] In our order rejecting Defendant's docketing statement and in our notice of proposed summary disposition, we stated that Defendant failed to provide this Court with an adequate description of the facts necessary to evaluate this claim because he had not explained the facts necessary to evaluate whether he was prejudiced. Our Supreme Court has stated that

the failure to sever a felon in possession of a firearm charge will generally constitute error, since evidence of a prior conviction is inadmissible if the defendant does not testify. *See State v. Dominguez*, 2007-NMSC-060, ¶¶ 10-12, 142 N.M. 811, 171 P.3d 750. However, our Supreme Court has also made clear that such error is not reversible in the absence of a showing of actual prejudice. *See id.* ¶ 13. Because the error is itself the admission of evidence of a prior conviction, this alone cannot be sufficient to establish prejudice, as Defendant suggests. *Dominguez* cites *State v. Gonzales*, 113 N.M. 221, 824 P.2d 1023 (1992), with approval to indicate the type of prejudice that must be shown in a case involving the failure to sever a felon in possession charge.

In *Gonzales*, our Supreme Court held that the defendant did not show he was prejudiced by the failure to sever a felon in possession charge when the jury was not given details surrounding the conviction, the prior conviction was very dissimilar to the charges being tried, and the jury was twice given limiting instructions that they were presumed to have followed. 113 N.M. at 230, 824 P.2d at 1032. As Defendant has not provided this Court with a description of the evidence introduced regarding the prior felony and any oral instructions that may have been given, we are unable to evaluate his claim of prejudice and we hold that Defendant has not demonstrated that reversal is warranted. Although Defendant argues that the jury instruction on the

7

felon in possession charge shows that he was prejudiced, nothing in the jury instruction provides any information regarding the nature of the prior felony. [RP 161] Therefore, pursuant to *Gonzales*, the jury instruction is not prejudicial. Accordingly, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**RODERICK T. KENNEDY, Judge**