This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                             **NO. 30,977**

**TONY GONZALES**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
B. Douglas Wood III, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Defendant appeals from the district court amended judgment and sentence, which adjudicates him guilty of conspiracy to bring contraband into jail, not guilty of

criminal solicitation to bring contraband into jail and possession of heroin, and finding him to be habitual offender with two prior felony convictions, imposes a sentence totaling five and a half years imprisonment followed by one year of parole. Unpersuaded by Defendant's attacks to his conviction and sentence, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We have considered Defendant's arguments and remain unpersuaded that Defendant has established error. Therefore, we affirm.

On appeal, Defendant argues that (1) insufficient evidence was presented to support his conspiracy conviction, (2) he was denied a fair and public trial, and (3) his sentence was improperly enhanced.

**Sufficiency of the Evidence**

In response to our notice, Defendant argues that insufficient evidence of a conspiracy was presented because the alleged co-conspirator, Mr. Ramirez, did not intend that the same goal be accomplished—smuggling contraband into jail. [MIO 4-8] Rather, Defendant contends that Mr. Ramirez acted under duress, out of a fear of Defendant, and intended only to avoid a threat of harm from Defendant, an inmate. [Id.] Defendant's argument asks us to assume the role of the fact finder and make a credibility determination and re-weigh the evidence. *See State v. Salas*, 1999-NMCA-

099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). The jury is free to reject the theory that Mr. Ramirez, a prison guard, was so overwhelmed by his fear of an inmate that he did not form any intent to smuggle contraband into jail. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the jury is free to reject a witness's version of events).

We are not persuaded by Defendant's reference to *State v. Davis*, 92 N.M. 341, 587 P.2d 1352 (Ct. App. 1978). In *Davis*, we held that there was insufficient evidence to support the conspiracy because the goal of the conspiracy was not possible because the public official from who the alleged co-conspirators would have attempted to solicit a bribe had already indicated his willingness to accept a loan before the alleged conspiracy had occurred. *See id.* at 345-46, 587 P.2d at 1356-57. In contrast, in the current case, it was not impossible for Defendant and Mr. Ramirez to have agreed to smuggle contraband into jail although Mr. Ramirez may have harbored some fears about refusing to do so.

For the reasons in our notice and in this opinion, we hold that sufficient evidence was presented to support Defendant's conviction.

**Right to a Fair and Public Trial**

Defendant argues that he was denied the right to a fair and public trial when his brother was removed from the courtroom during jury selection and one juror expressed fear about Defendant's family. [MIO 2-3, 9-11] That juror was replaced at Defendant's request. [MIO 2-3] Defendant argues that it is likely that other jurors may have shared the same fears as the replaced juror and, therefore, declaring a mistrial was the only way to cure the disruption. [MIO 10]

Our notice explained why any prejudice that his brother's removal may have caused Defendant is purely speculative and is not therefore sufficient to warrant a mistrial. *See State v. Apodaca*, 105 N.M. 650, 654-55, 735 P.2d 1156, 1160-61 (Ct. App. 1987) (rejecting the defendant's claim of prejudice as speculative where the district court excluded everyone from the courtroom except the victim's family and the defendant argued that it showed that the court believed the victim and favored the prosecution), *overruled on other grounds by State v. Garcia*, 110 N.M. 419, 422, 796 P.2d 1115, 1118 (Ct. App. 1990). Defendant's response to our notice does not make any more specific showing of prejudice.

Also, our notice emphasized the district court has the inherent power and duty to control the conduct of the proceedings before it and that it may in its discretion remove a disruptive member of the public. *See* Rule 21-300(B)(3) NMRA; *State v. Ngo*, 2001-NMCA-041, ¶ 25, 130 N.M. 515, 27 P.3d 1002; *State v. Stout*, 100 N.M.

4

472, 475, 672 P.2d 645, 648 (1983). We also observed that while there is a right to a public trial, Defendant referred us to no authority indicating that such a right includes the right to demand that the defendant's choice of specific members of the public attend trial, particularly where their conduct in the courtroom was found to be disruptive. *See Apodaca*, 105 N.M. at 654, 735 P.2d at 1160 (stating that "[w]hether the general public may be excluded from a trial is a matter resting within the discretion of the trial court"). Defendant has not responded to our observations.

Lastly, we note that Defendant has not explained what his brother did to get removed from the courtroom or what specific concerns were expressed by the juror who was replaced. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement provide a summary of all the facts relevant to the issues raised on appeal). Also, Defendant does not state what arguments were made by the State in opposition to the motion, or the grounds for the district court ruling. These omissions alone are sufficient for affirmance. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (reminding the appellant to set forth all relevant facts in the docketing statement, including the facts supporting the district court's ruling, and warning that because of our standard of review the failure to do so could result in affirmance or other sanctions); *see also State v. Chamberlain*, 109 N.M. 173, 176, 783 P.2d 483, 486 (Ct. App. 1989) (refusing to grant relief where the defendant failed to

provide us with a summary of all the facts material to our consideration of the issue raised in the docketing statement).

For the reasons stated in our notice and in this opinion, we hold that Defendant has not established that the district court abused its discretion by denying Defendant a mistrial.

**Sentence Enhancement**

Lastly, Defendant argues that the district court denied him due process and an expectation of finality in sentence by enhancing his sentence based on prior felony convictions that the State did not timely pursue. [MIO 12-13] Defendant pursues this issue under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 12] Defendant argues that the enhancement was not timely because the original sentence had been entered and he had begun serving it. [MIO 13]

Our case law holds that a defendant's sentence may be enhanced for habitual offender purposes until the defendant has completed his sentence, probation, and parole. [DS 10] *See State v. Villalobos*, 1998-NMSC-036, ¶¶ 4-14, 126 N.M. 255, 968 P.2d 766; *State v. Roybal*, 120 N.M. 507, 510-11, 903 P.2d 249, 252-53 (Ct. App. 1995); *see also* NMSA 1978, § 31-18-19 (1977) ("If at any time, either after sentence or conviction, it appears that a person convicted of a noncapital felony is or may be

6

a habitual offender, it is the duty of the district attorney of the district in which the present conviction was obtained to file an information charging that person as a habitual offender.").

To the extent that Defendant asks us to modify the case law, we cannot and would not modify our case law under these circumstances. "It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court." *State v. Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104.

For the reasons set forth above and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**