In re MARRIAGE OF Gilbert ALLEN, Respondent,

and

Mary Allen, Appellant.

No. 10538.

Missouri Court of Appeals, Springfield District, En Banc.

Aug. 23, 1978.

Rodney E. Loomer, Turner, Reid & Duncan, Springfield, for respondent.

David L. Smith, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for appellant.

BILLINGS, Chief Judge.

Dissolution of marriage proceedings. Appellant-wife has appealed that part of the

trial court's decree ruling respondent-husband's United States Coast Guard pension[1] is not marital property and the amount of maintenance award to her.

The parties were married in 1953. Their only child was born in 1957. Husband was "retired" or "discharged" from the United States Coast Guard in 1962 after completing 20 years of service and began drawing "military pension, by reason of disability" in 1962. Periodic separations of the parties resulted in husband filing this suit in 1974 with trial and decree in 1976. The decree dissolved the marriage. The decree *did not* vest the custody of the child in either party but ordered husband to pay $200 per month as child support until the child married or was emancipated. Husband was ordered to pay wife $100 monthly as maintenance. The decree further provided that husband's interest in any real property "he inherits or has inherited . . . by reason of the terms of the revocable living trust agreement of [his mother]" was his sole and separate property and not marital property, and concluded that "[husband's] interest in pension payments from the United States Coast Guard is his sole and separate property and not marital property."

In this appeal the wife contends the husband's pension, $488 monthly at time of trial, constitutes marital property under § 452.330, RSMo 1969, at least 9/20's of the pension qualifies as such property, and that she should be awarded a portion of the pension as marital property. Additionally, she complains the maintenance award to her is insufficient.

 Although neither party has questioned our jurisdiction to entertain this appeal, jurisdiction cannot be conferred by waiver, silence, acquiescence, or consent, and we are obligated to sua sponte inquire into and determine whether we have jurisdiction. *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977).

Section 452.330 mandates that in a dissolution proceeding the trial court set aside to each spouse his property and "shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . . ." The statute further provides that "All property acquired by either spouse subsequent to the marriage *and prior to a decree of legal separation* is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2."

The trial transcript shows that husband testified he had checking and savings accounts, owned a motor vehicle, and was the owner of two unidentified life insurance policies "totalling $7000" which had unknown cash values. The wife testified she was the owner of an automobile and household furniture. The decree was silent as to the foregoing items of property and under the statute they are "presumed to be marital property."

Because the decree did not vest custody of the child in either party [*Cradic v. Cradic*, 544 S.W.2d 605 (Mo.App.1976)] and did not divide the marital property as required by Section 452.330, it is not a final judgment and not appealable. *Corder v. Corder*, supra.

The appeal is dismissed.

All concur, except FLANIGAN, J., not participating.

---

1. The record is not clear whether the payments to husband are benefits paid to service personnel retired for age or length of service pursuant to 10 U.S.C. ch. 63, 65, or for physical disability under 10 U.S.C. ch. 61. "Military retired pay", rather than "pension" is suggested as proper terminology for the first category in "Community Property-Deferred Compensation: Disposition of Military Retired Pay Upon Dissolution of Marriage", 50 Wash.L.Rev. 505 (1975).

The Kansas City District in *Daffin v. Daffin*, 567 S.W.2d 672 (Mo.App.1978), held the husband's "military pension" was marital property.