688 P.2d 1268

**Rodger THORNTON,**
**Petitioner-Appellant,**

v.

**Brooke GAMBLE, Respondent-Appellee.**

**Nos. 7898, 7940.**

Court of Appeals of New Mexico.

Sept. 11, 1984.

George E. Adelo, Santa Fe, for petitioner-appellant.

Michael J. Golden, Moore & Golden, P.A., Santa Fe, for respondent-appellee.

## OPINION

NEAL, Judge.

This case requires us to consider whether a judgment from which appeal is taken in a domestic relations matter is a final judgment allowing this court jurisdiction over the appeal. For the reasons hereinafter discussed, we conclude that there has not yet been a final judgment in the case. Accordingly, the appeal must be dismissed.

Husband filed a petition for dissolution of marriage, requesting a dissolution and a determination of the parties' rights to property and to custody and support of the minor children. Wife answered. A partial decree dissolving the marriage was entered in 1982. The matter came on for a hearing on the remaining issues in April of 1984. The court entered its decision on May 3,

1984. In both a finding of fact and a conclusion of law, the court approved the "parties' agreement concerning custody and visitation." On May 7, 1984, the court entered a "final property judgment." It completely disposed of the parties' claims to various items of property. It includes a finding of fact which states, "The parties' agreement concerning child custody and visitation is approved and should be embodied [sic] in a separate document to be presented to the Court." It includes a conclusion of law which states, "The parties' agreement concerning custody and visitation is approved." The decretal portions of the order, however, say nothing concerning child custody, support, or visitation. Nor has any further order or approved agreement since been filed.

On June 6, 1984, thirty days after the entry of the "final property judgment," husband filed his notice of appeal therefrom. On June 19, 1984, wife filed a motion to dismiss the appeal for lack of jurisdiction due to a failure to file a timely notice of appeal. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 101, 202 (Repl.Pamp.1983); In the Matter of the Amendment of Rules 101, 201, 208, 209 and 501 of the Rules of Appellate Procedure for Criminal, Children's Court, Domestic Relations Matters and Worker's Compensation Cases and the Revision of Appellate Form 2.08. We docketed this motion in our cause number 7898. Sixteen days elapsed and husband did not respond to this motion. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 402 (Repl.Pamp.1983). See also NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.R. 403 and 404 (Repl. Pamp.1983). On July 5, 1984, this court granted wife's motion.

On July 6, 1984, husband filed a skeleton transcript seeking to docket the same appeal. See NMSA 1978, Civ.App.R. 6 (Repl. Pamp.1984). We docketed this case as cause number 7940 and ordered husband to show cause why the skeleton transcript should not be rejected in light of the action taken in number 7898. Husband's response to our order to show cause stated that, because "the trial court has yet to enter judgment on the related issues of support and custody in this cause, Plaintiff-Appellant asserts that the Judgment entered on May 7, 1984 was really not a Final Judgment." We ordered the parties to file simultaneous briefs addressing the questions of the finality of the May 7 judgment and the appropriate result in both our cause numbers in the event this court found the May 7 judgment to be final or not final.

Those briefs have now been filed. Further, we have ordered the district court clerk's record. See NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 206 (Repl.Pamp.1983). Wife contends that the May 7 order was final and that our action in number 7898 operates as a bar to our hearing husband's appeal from the May 7 order in any cause number. Husband contends that the May 7 judgment was not final and that both appeals should be dismissed as premature, but that, as a matter of practicality, we should hear his issues concerning the property judgment.

■ Our jurisdiction is limited to appeals from final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights. N.M. Const. art. VI, § 29; NMSA 1978, § 39-3-2; *Johnson v. C & H Construction Co.,* 78 N.M. 423, 432 P.2d 267 (Ct.App. 1967). We also have jurisdiction to grant applications for interlocutory appeals in certain cases. NMSA 1978, § 39-3-4. However, there is no contention that this case falls within Section 39-3-4.

■ NMSA 1978, Civ.P.Rule 54(b)(1) (Repl.Pamp.1980) states:

[W]hen more than one claim for relief is presented in an action * * * the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that

there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

Rule 54(b)(1) and the statutes limiting our jurisdiction to final judgments express a policy avoiding piece-meal appellate review of interlocutory decisions. Rule 54(b)(1) does not prohibit piece-meal review, but permits it in limited instances with the express approval of the trial court. *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 635 P.2d 1323 (Ct.App.1981). In the absence of Rule 54(b)(1) language, a judgment adjudicating fewer than all the claims is not final. *Central-Southwest Dairy Cooperative v. American Bank of Commerce*, 78 N.M. 464, 432 P.2d 820 (1967). When the issues in the case are not disposed of so far as the court has power to dispose of them, the judgment is not final. *Johnson v. C & H Construction Co.*

In this case, the pleadings made claims for relief for a dissolution of marriage, a determination of property rights, and a determination of custody, support, and visitation. Only the dissolution and property rights have been adjudicated. The final property judgment does not contain an express determination that there is no just reason for delay.

█ Nor are we persuaded by wife's contention that all terms of an order relating to the children have been agreed to and approved so that there is nothing left for the trial court to do. The judgment specifically contemplates the entry of a further order. Although the requirement of a final decision does not necessarily mean the last possible order in the case, *Montoya*, the final decision must dispose of all issues on the merits, *Johnson*, and be in writing, signed by the judge and filed in the case. *Bouldin v. Bruce M. Bernard, Inc.*, 78 N.M. 188, 429 P.2d 647 (1967).

In this case, there are two barriers to construing the final property judgment as completely disposing of the issues relating to the children. First, the judgment says nothing about support. Support was put in issue by the pleadings. Second, the judgment does not order the carrying into effect of any decision on the question of custody and visitation. *See State ex rel. Reynolds v. McLean*, 74 N.M. 178, 392 P.2d 12 (1964).

The question arises whether the foregoing rules are equally applicable in domestic relations cases. *See Madrid v. Madrid*, 101 N.M. 504, 684 P.2d 1169 (Ct.App.1984). In *Madrid*, the trial court granted a divorce and reserved jurisdiction to divide the property. At issue in that case was the question of whether the property was to be valued on the date of the divorce or the date of the final decision. The dissent contended that, the divorce not being final until the issues in the case were fully resolved, the valuation date should be the date of the final decision. However, the majority held that the valuation date was the date the divorce was entered. The majority decision in *Madrid* is not applicable to the determination of whether domestic relations orders are final for purposes of appeal. It had to do with valuation dates and not finality for purposes of appeal.

█ We are supported in this view by the vast majority of courts in other jurisdictions which have decided this issue. In the absence of a statute which specifically provides for interlocutory review as of right, *e.g. In re Marriage of Schultz*, 105 Cal. App.3d 846, 164 Cal.Rptr. 653 (1980); *Pappas v. Pappas*, 287 Md. 455, 413 A.2d 549 (1980), or a statutory scheme evincing a policy which would be contravened by the application of ordinary notions of finality to domestic relations matters, *e.g., In re Marriage of Hermsen*, 27 Wash.App. 318, 617 P.2d 462 (1980), there must be a complete disposition of all issues in the case before the lower court's judgment will be ripe for

appellate review. *In re Marriage of Lentz*, 79 Ill.2d 400, 38 Ill.Dec. 582, 403 N.E.2d 1036 (1980); *Cyr v. Cyr*, 429 A.2d 210 (Me.1981); *In re Marriage of Allen*, 570 S.W.2d 352 (Mo.App.1978); *Marriage of Johnson*, 595 S.W.2d 900 (Tex.Civ.App. 1980). *See also Dunn v. Dunn*, 255 Ark. 764, 503 S.W.2d 168 (1973).

■ We have reviewed our pertinent statutes, NMSA 1978, Sections 40–4–1 to –20 (Repl.Pamp.1983), and find nothing comparable to Washington's policy favoring a prompt dissolution of unworkable marriages, *Hermsen*, which would support any right to piece-meal review of interlocutory decisions in divorce cases. In so ruling, we are not unmindful of the fact that a divorce court may reserve continuing jurisdiction over the parties to modify such matters as alimony, support, or custody, *Smith v. Smith*, 98 N.M. 468, 649 P.2d 1381 (1982), and that the statute provides such continuing jurisdiction whether or not there is an express reservation. § 40–4–7. Such a reservation does not destroy the finality of a judgment. *Smith.* Nor does the ability to reserve jurisdiction make all interlocutory orders in domestic relations cases final for purposes of appeal.

■ When a petition for dissolution of marriage is filed requesting relief in more than one area (divorce, custody, support, alimony, and property or any combination thereof), the court must adjudicate all issues raised by the pleadings or determine that there is no just reason for delay before its decision will be final enough to allow appellate review. Similarly, if a petition to modify more than one of the modifiable elements of a final divorce decree is filed, the court must adjudicate all issues raised by the petition or determine that there is no just reason for delay before its decision will be final enough to allow appellate review.

■ From what we have said, it is obvious that the May 7 "final property judg-ment" is not final so as to allow appellate review. The last question we must address is the appropriate disposition in our cause number 7898 and 7940. The husband's invitation to decide the appeal is declined. If we do not have jurisdiction, we must dismiss. *Johnson; Central-Southwest Dairy Cooperative. But see Montoya.*

■ Additionally, both the filing of a premature appeal and the filing of a late appeal result in a lack of jurisdiction in this court. *Johnson; Rice v. Gonzales*, 79 N.M. 377, 444 P.2d 288 (1968). Both types of lack of jurisdiction are matters which we must notice on our own motion regardless of the positions of the parties. *Rice; Central-Southwest Dairy Cooperative.* It is within the province of this court to determine whether we have jurisdiction. *Valencia Water Co. v. Neilson*, 27 N.M. 29, 192 P. 510 (1920). Logically, it would make no sense for this court to dismiss on the grounds of a late notice of appeal when our holding is to the effect that there was no final judgment from which an appeal may be taken. Thus, we dismiss both cause numbers 7898 and 7940 on the ground that the appeals are premature. The appeals herein are from non-final orders and were interlocutory in nature. The order appealed from fails to make an express determination that there is no just reason for delay in entering the final property judgment and not disposing of all the remaining issues. Since the judgment does not comply with NMSA 1978, Civ.P. Rule 54(b) (Repl.Pamp. 1980), the judgment is subject to revision at any time before the entry of a judgment adjudicating the remainder of the claims.

This cause is remanded to the trial court for further proceedings leading to the entry of a final judgment. Counsel for appellant should be aware that under the applicable rules, he has ten days, not thirty, in which to file his notice of appeal and that the appeal is thereafter docketed by filing a docketing statement, NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205 (Repl.Pamp.1983), and not a skeleton transcript.

The requirements for docketing statements are set forth in Rule 205. If appellant's issues relate to the sufficiency of the evidence to support the trial court's findings, counsel should bear in mind the appropriate standard of appellate review, as well as the language of Rule 205(a)(3). We review the evidence in the light most favorable to support the trial court's findings, *see Tapia v. Panhandle Steel Erectors Co.,* 78 N.M. 86, 428 P.2d 625 (1967); this court does not weigh the credibility of witnesses, *Tapia;* and the docketing statement must state all facts material to the issues, Rule 205(a)(3). This means that the docketing statement should recite any evidence which supports the trial court's findings. Failure to comply with these precepts may result in contempt sanctions. *State v. Fulton,* 99 N.M. 348, 657 P.2d 1197 (Ct.App.1983).

Appeal dismissed and case remanded for entry of final judgment.

**IT IS SO ORDERED.**

HENDLEY, J., concurs.

DONNELLY, C.J. (concurring in result only.)