This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN CONTRERAS,**

Worker-Appellant,

**v.**                                                     **NO. 29,861**

**MILLER BONDED, INC., and**
**MECHANICAL CONTRACTORS**
**OF NEW MEXICO WORKERS'**
**COMPENSATION GROUP FUND,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMEPNSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

John Contreras
Albuquerque, NM

Pro Se Appellant

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Worker appeals from a compensation order. In this Court's notice of proposed summary disposition, we proposed to affirm. Worker has filed a memorandum in opposition pursuant to two extensions granted by this Court. We have considered Worker's memorandum, and as it does not demonstrate error, we affirm.

Worker raised seven issues in his docketing statement, all of which challenged the sufficiency of the evidence supporting the Workers' Compensation Judge's (WCJ) factual findings. [DS 29-30] "We review workers' compensation orders using the whole record standard of review." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Levario v. Ysidro Villareal Labor Agency*, 120 N.M. 734, 737, 906 P.2d 266, 269 (Ct. App. 1995). "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted).

In this Court's notice of proposed summary disposition, we indicated that Worker had not provided the Court with the information needed to evaluate his claims

under our standard of review. Worker failed to set out all relevant facts in the docketing statement, including those facts supporting the workers' compensation's decision. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (requiring that the docketing statement provide all relevant facts, including those that are contrary to the appellant's position). Accordingly, we proposed to affirm, since Worker had not met his burden of establishing error. *See Martinez v. Sw. Landfills, Inc.*, 115 N.M. 181, 186, 848 P.2d 1108, 1113 (Ct. App. 1993) ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and . . . the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings.").

In our notice, we explained that in any memorandum in opposition Worker wished to file, Worker should, for each claim of error, explain in detail what evidence was introduced to the WCJ that was relevant to the WCJ's factual finding. We stated that Worker should explain if the evidence was documentary evidence, deposition testimony, or live testimony and that he should describe any relevant evidence introduced by Employer/Insurer, even if Worker believed that the evidence was incorrect, unreliable, or untruthful. We also stated that Worker should make clear how he believes that the claimed errors of the WCJ resulted in an incorrect compensation order.

In Worker's memorandum in opposition, he does not provide any of the information that this Court needs in order to evaluate his claim of error. Accordingly, we conclude that Worker has failed to demonstrate error on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that although pro se pleadings will be viewed with a tolerant eye, pro se litigants will not be treated differently than litigants represented by counsel).

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**CELIA FOY CASTILLO, Judge**