This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THOMAS PETROLEUM, LLC,**
**successor in interest of Thomas**
**Petroleum, Ltd.**,

     Plaintiff-Appellee,

v.                           **NO.  30,980**

**RYAN TIPTON**,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Butt Thornton & Baehr PC
Sean E. Garrett
Albuquerque, NM

for Appellee

The Perrin Law Firm
Doug Perrin
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals the denial of his motion for relief from a foreign judgment. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. Plaintiff has filed a response to the motion to amend the docketing statement, which we have also considered. As we are not persuaded by Defendant's arguments, we deny his motion to amend the docketing statement and we affirm.

In this Court's notice of proposed summary disposition, we noted that Defendant had failed to comply with the rules for docketing an appeal in this Court, in that his docketing statement did not contain any information about the facts necessary to evaluate his claims of error on appeal. *See* Rule 12-208(D)(3) NMRA (requiring the docketing statement to include "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that an appellant must set out all relevant facts in the docketing statement, including those facts supporting the district court's decision, and that the failure to do so may warrant sanctions). Nevertheless, we addressed the merits of his claims based on information in the record proper. Defendant has responded with a motion to amend the docketing statement to add additional facts. However, an amended docketing statement is not generally required in order to provide additional facts, and

furthermore, the facts Defendant seeks to add were already addressed by this Court in its notice of proposed summary disposition. We therefore deny the motion as unnecessary, where Defendant does not seek to raise any new claims of error. *Cf. State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983) (setting out requirements for a motion to amend the docketing statement to add additional claims of error). However, because his memorandum in opposition incorporates the amended docketing statement by reference, we consider the arguments and authorities provided in the proposed amended docketing statement.

Plaintiff filed a notice of filing of a foreign judgment against Defendant in the district court of Lea County, pursuant to the Foreign Judgments Act, NMSA 1978, Sections 39-4A-1 to -6 (1989, as amended through 1994). [RP 1] Defendant filed a motion pursuant to Rule 1-060(B)(4) NMRA, alleging that the Texas court that entered the judgment did not have personal jurisdiction over him. [RP 12-15] In response, Plaintiff provided evidence that Defendant had signed a contract on behalf of Gilbert's Lease Service and that the only address in the contract was Gilbert's Lease Service, 1800 N. Main, Lovington, New Mexico 88260. [RP 101-02] Plaintiff pointed out that Defendant had not disputed that he had done business in Texas and that he did not have a registered agent for service of process in Texas. [RP 77] Plaintiff provided evidence that it served process on the Texas Secretary of State, mailed a citation to 1800 N. Main, Lovington, New Mexico 88260. [RP 87] Plaintiff

argued that service of process had been perfected in accordance with Texas law by service on Defendant's "home office," and Plaintiff provided Texas statutory authority and case law to support this argument. [RP 74-81] Plaintiff also argued that constitutional due process requirements were met because Defendant had not challenged that he had sufficient minimum contacts with the state of Texas, and because the notice in this case, sent to the company of which Defendant was vice president, was reasonably calculated to apprise Defendant of the pendency of the action. [RP 81] Plaintiff provided evidence that Defendant had received actual notice of the underlying suit and that Defendant received a citation and a copy of the petition in the case in his capacity as vice president of Gilbert's Lease Service and as an officer of the parent corporation of Gilbert's Lease Service. [RP 82, 150, 154] Defendant provided no authority to support an argument that his business address did not constitute his "home office" under Texas law. [RP 12-15]

In Defendant's original docketing statement, he based his claim of error on three cases discussing notice by publication. [DS 3] In our notice, we proposed to conclude that Defendant had failed to demonstrate error on appeal because this case did not involve notice by publication, and none of these authorities were otherwise applicable to this matter. Defendant's memorandum in opposition relies on the same three cases as the basis of his claim of error, without responding to this Court's proposed analysis that these cases are wholly inapplicable. [MIO 2-3, Amended DS

4

4] He also mentions that he was not served at his home or home office, but provides no authority to demonstrate that the business address in the contract was not his home office under Texas law. [Amended DS 3] Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We therefore conclude that Defendant has failed to demonstrate error on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

5