This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETE VANDERLUGT,**

Petitioner-Appellant,

v.                                                          NO. 32,950

**KRISTINA VANDERLUGT,**
**n/k/a KRISTINA CERVANTES,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**J.C. Robinson, District Judge, sitting by designation**

Caren I. Friedman
Santa Fe, NM

for Appellant

Sutin, Thayer & Browne, P.C.
Kerry C. Kiernan
Sandra E. Rotruck
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Pete VanderLugt (Husband) appeals the decision that the district court entered after a bench trial on his petition to dissolve his marriage with Kristina VanderLugt (Wife). Wife files a motion to dismiss the appeal, arguing that this Court lacks jurisdiction because the decision at issue is not a final appealable order. We agree with Wife, dismiss the appeal, and remand the case to the district court for further proceedings.

**BACKGROUND**

**A.      The Trust and the Life Insurance Policy**

{2}     Before Husband and Wife married, Husband and his father executed an irrevocable trust agreement dated December 23, 1992, in which Husband was the settlor and Husband's father was the trustee, for the primary purpose of holding an insurance policy on Husband's life. The trust provides that, at Husband's death, the trustee shall distribute fifteen percent of the net trust estate to certain types of charitable organizations and the remaining eighty-five percent to a separate trust for the benefit of Husband's spouse if he is married, with Husband's children as contingent beneficiaries. The trust also provides that, if Husband is not married at the time of his death, the remaining eighty-five percent of the trust assets shall be held in a separate trust for the benefit of his children. The trust further provides that it "is and

shall be irrevocable and shall not be altered, amended, revoked, or terminated by the [s]ettlor, or any other person." The trust was later funded with a life insurance policy insuring Husband's life.

## B.    Relevant District Court Proceedings

{3}    Husband filed a petition for dissolution of marriage against Wife in September 2010. The district court held a trial in March 2013 concerning property division issues that Husband and Wife did not agree upon. One of these issues was whether Wife has a community lien interest in the life insurance policy owned by the irrevocable trust. After trial, the district court entered a decision titled, Findings of Fact, Conclusions of Law, Judgment and Final Decree, in which it concluded, among other things, that "[t]he parties' payment of premiums on the . . . [p]olicy increased the cash and death values of the policy and created a community lien interest in the amount of $519,520.12[,] . . . [i]t is inequitable for [Wife] not to receive her interest in the . . . [p]olicy," and "[i]t would be in the best interest of the parties to agree to a resolution rather than waste money litigating if they disagree with the [c]ourt's [c]onclusion of [l]aw [number seven]." Conclusion of law number seven in the decision stated:

The parties should elect to:
      a)    terminate trust; and
      b)    continue the . . . [p]olicy and pay premiums in proportion
            to their interests. [Husband] 66.26%, [Wife] 33.74%, with

their children . . . designated sole beneficiaries; **or**

c)      redeem cash value and divide 66.26% to [Husband] and 33.74% to [Wife].

d)      In such event[,] the proceeds should first be used to buy a term life policy on [Husband] to insure child support is paid if he dies before the girls' 30th birthday.

e)      make any other agreement mutually agreed to in writing.

The decision also provided that the district court "shall retain jurisdiction to address termination or modification of the [t]rust and the disposition of the . . . [p]olicy until [Wife] receives her $259,760.06 interest therein."

## C.      The Appeal

{4}      Husband appeals, asserting that the district court erred as a matter of law when it concluded that Wife was entitled to receive an interest in the policy owned by the irrevocable trust. Wife moves to dismiss the appeal, asserting that the decision entered by the district court is not a final appealable order because it did not order Husband to pay Wife her interest in the policy and left open the manner in which "her interest [w]ould be realized." In response to the dismissal motion, Husband recognizes that "[t]he district court's judgment is somewhat idiosyncratic in the sense that it awards one-half of a community lien interest in the [p]olicy to Wife and then urges the parties to settle their differences rather than continu[e] to litigate." Husband further asserts, however, that it does not matter that the decision entered by the district court did not

4

address how Wife was to be paid her interest, because this Court will have to address the underlying legal issue "now or later," and "a remand now will create more unnecessary work for everyone[.]"

**DISCUSSION**

{5} In the appeal of civil cases from the district court, this Court has jurisdiction over, among other things, "the entry of any final judgment or decision" and "any interlocutory order or decision which practically disposes of the merits of the action[.]" NMSA 1978, § 39-3-2 (1966); *see Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 35, 298 P.3d 458 ("The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." (internal quotation marks and citation omitted)). Whether an order is a "final order" for purposes of appeal "is viewed in a practical rather than a technical context and by looking to the substance of the document rather than its form." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. As this Court has previously observed:

> In civil non-jury cases, the [district] court is required to file findings of fact and conclusions of law which are the decision in the case. The rules also require the entry of a judgment. The difference between the decision and the judgment is the inclusion of decretal

5

> language that carries the decision into effect by ordering that something happen or, when appropriate, by entering judgment for a sum certain in favor of one party and against the other party. Findings of fact and conclusions of law that do not contain decretal language are not appealable.

*Id.* ¶ 13 (citations omitted). "When the [district] court has entered findings on an issue but has not ordered that, based on those findings, something be done, this Court has held that the judgment does not resolve the issue to which the findings are addressed." *Id.* ¶¶ 13, 15 (holding that the district court's decision lacked decretal language and, thus, was not final and appealable, where it found that petitioner was "entitled to an award in a definite amount[,]" but "did not specifically order that judgment be entered in [her] favor for that amount"; did not "reflect the approval of the attorneys for the [p]arties as required by [l]ocal [r]ule"; and did not "order specific relief based on the findings and conclusions of the court"); *see also Thornton v. Gamble*, 1984-NMCA-093, ¶ 10, 101 N.M. 764, 688 P.2d 1268 (concluding that the district court's decision was not a final judgment where it did not "order the carrying into effect of any decision on the question of custody and visitation").

**{6}** We recognize that the district court's decision in this case is labeled, in part, Judgment and Final Decree, however, we conclude that it is not a final and appealable judgment for several reasons.

6

**{7}** First, the decision concludes that "a community lien interest in the amount of $519,520.12" existed in the policy, that it would be "inequitable for [Wife] not to receive her interest in the . . . [p]olicy," and that "[t]he [c]ourt shall retain jurisdiction . . . until [Wife] receives her $259,760.06 interest therein." However, the decision does not contain decretal language "specifically order[ing] that judgment be entered in [Wife's] favor for that amount." *Khalsa*, 1998-NMCA-110, ¶ 15. It does not "reflect the approval of the attorneys for the [p]arties as required by [l]ocal [r]ule." *Id.*; *see* Local Rule 3-212(D)(2014) (stating that "[o]rders and judgments shall not be signed by the court unless legibly signed or telephonically approved by all counsel of record, or until after a hearing on the form of the order or judgment"). It does not "order specific relief based on the findings and conclusions of the court." *Khalsa*, 1998-NMCA-110, ¶ 15. Instead, the decision suggests that "[i]t would be in the best interest of the parties to agree to a resolution rather than waste money litigating if they disagree" with the district court's suggested resolutions set forth in its conclusions of law.

**{8}** Second, the district court's decision places Husband and Wife in an unresolved predicament. Husband cannot appeal the decision until the district court enters a judgment with decretal language "specifically order[ing] that judgment be entered in

7

[Wife's] favor for [a specific] amount." *Id*. The district court has declined to render such a judgment until Husband and Wife agree on the manner that Wife will be paid her putative share of the insurance policy owned by the trust. Husband cannot agree about how Wife will be paid because he does not agree with the legal conclusion that the insurance policy owned by a separate irrevocable trust is a marital asset. Under these circumstances, the case has not proceeded to finality so that Husband can appeal the district court's legal conclusions regarding the insurance policy. Furthermore, without the parties' agreement concerning how Wife is to be paid for the interest in the insurance policy, Wife cannot enforce her putative right to payment because the district court's decision merely gives her an interest in a policy owned by the separate trust but provides no specific remedy to reach this asset because it is not owned or controlled by either spouse.

{9}     Third, even if Husband and Wife were to agree that Wife will be paid a share of the policy pursuant to one of the district court's suggested methods of terminating or modifying the irrevocable trust, Wife cannot enforce such an agreement until it is binding on all of the parties required to terminate or modify the trust. *See, e.g.*, NMSA 1978, § 46A-4-411(A) (2007) ("A noncharitable irrevocable trust may be modified or terminated upon consent of the settlor and all beneficiaries[.]"). Although such an

8

agreement to modify or terminate the trust may bind Husband as the settlor of the trust, it may not have a binding effect upon the trust beneficiaries who are not parties to the divorce proceedings. Thus, the district court's decision regarding a marital interest in the insurance policy failed to provide a "practical" way for the parties to effectuate their marriage dissolution. *Khalsa*, 1998-NMCA-110, ¶ 12; *see also* Section 39-3-2.

{10}    Fourth, without a final appealable judgment, any decision we render concerning the legal issues in this case would be an impermissible advisory opinion without binding effect because we have no jurisdiction to issue it. *See City of Las Cruces v. El Paso Elec. Co.*, 1998-NMSC-006, ¶ 18, 124 N.M. 640, 954 P.2d 72 (stating that appellate courts avoid rendering advisory opinions); *see also* Section 39-3-2 (limiting appellate jurisdiction to final judgments). The parties do not argue and the district court's decision does not include the necessary language that would allow this Court an opportunity to exercise its jurisdiction under either Rule 1-054(B)(1) NMRA (providing for final judgment concerning "one or more but fewer than all of the claims"); Rule 12-203 NMRA and NMSA 1978, Section 39-3-4 (1999) (providing for interlocutory appeals); or any common law exception to the rule that only final orders are appealable. As a result, this appeal is premature and arises from a non-final order

and judgement entered by the district court.

**CONCLUSION**

{11}    For the foregoing reasons, we dismiss this appeal and remand this matter to the district court for further proceedings.

{12}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**M. MONICA ZAMORA, Judge**