This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LSF9 MASTER PARTICIPATING TRUST**,

Plaintiff-Appellee,

v.                                                             **NO. 35,567**

**JASON B. ERRETT,**

Defendant-Appellant,

and

**STATE OF NEW MEXICO TAXATION
and REVENUE DEPARTMENT and
DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
C. Shannon Bacon, District Judge**

Rose L. Brand & Associates PC
Eraina M. Edwards
Stephen Kowal
Albuquerque, NM

for Appellee

Stribling Law Firm
Thomas B. Stribling III
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Defendant Jason B. Errett (Errett) seeks to appeal from the district court's order granting LSF9 Master Participation Trust's (the Trust's) motion to reinstate this foreclosure action against him. [DS 2; RP 64, 66] In our notice of proposed disposition, we proposed to dismiss the appeal for lack of a final order. Errett filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss the appeal for lack of a final order.

{2}    "In civil cases, this Court has jurisdiction over, among other things, 'any final order after entry of judgment which affects substantial rights[.]'" *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (quoting NMSA 1978, § 39-3-2 (1966)). "Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Id.* Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case [is] disposed of by the trial court to the fullest extent possible." *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 35, 298 P.3d 458 (internal quotation marks and citation omitted).

**{3}** In this case, Errett seeks to appeal from the order granting the Trust's motion to reinstate the case based on his contention that the motion was untimely, and therefore, the district court lacked jurisdiction to grant the motion. [DS 3; *see also* CN 3; MIO 1-2] However, as discussed in our notice of proposed disposition, this appeal is not properly before this Court because the order reinstating the foreclosure action did not resolve all of the matters in the case to the fullest extent possible. [CN 3] In his memorandum in opposition, Errett continues to argue that the district court should have denied the untimely motion to reinstate on the ground that it lacked jurisdiction. [MIO 1-2] We are not persuaded.

**{4}** We note that Errett does not argue and the district court's order does not include the necessary language that would allow this Court an opportunity to exercise its jurisdiction under Rule 12-203 NMRA and NMSA 1978, Section 39-3-4 (1999) (providing for interlocutory appeals) or any other exception to the rule that only final orders are appealable. As a result, this appeal is premature and arises from a non-final order entered by the district court.

**{5}** For the reasons stated in this opinion and in our notice of proposed summary disposition, we dismiss for lack of a final order. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268 ("If we do not have jurisdiction, we must dismiss.").

**{6}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**