This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                            **No. A-1-CA-35949**

**GREGORY MACKAY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     The State appeals an order of dismissal entered by the district court pursuant to the Interstate Agreement on Detainers (IAD), which requires that a defendant "be brought to trial within one hundred eighty days after . . . his request for a final disposition[.]" NMSA 1978, § 31-5-12 Art. 3(A) (1971). On appeal, the State contends that Defendant did not trigger that statutory deadline. [DS 5-6; MIO 14] This Court issued a calendar notice proposing to affirm on three independent bases, and the State has filed a memorandum in opposition to that proposed summary disposition. Having duly considered that memorandum, we are unpersuaded and now affirm.

{2}     In our notice of proposed summary disposition, we quoted the district court's findings that Defendant "believed and was told by officials in Idaho that he requested final disposition of this cause on September 5, 2014." [CN 4 quoting RP 141] That finding appears to have been based upon the sole piece of evidence described in the State's docketing statement, which was Defendant's testimony that he discussed such a request with prison officials in Idaho. [CN 4; DS 4] We then acknowledged the ambiguity of the material available in the record proper dealing with communications between Idaho and New Mexico before pointing out that:

> A review of both the record proper and the docketing statement filed by the State does not resolve the question of whether anything else was communicated to prosecutorial authorities in New Mexico regarding Defendant's request for disposition in the fall of 2014. . . . To the extent that the State contends that it was not informed of Defendant's intention to request a final disposition in 2014, any memorandum in opposition

that the State chooses to file *should include a summary of any evidence relevant to that question.*

[CN 5-6 (emphasis added)]

{3} Rather than summarize any of the evidence received by the district court, however, the memorandum filed by the State merely provides a description of documents appearing in the record proper before turning to a discussion of the IAD's requirements and an argument that Defendant did not establish that he had triggered that statute. [MIO 2-13, 15-20, 20-25] In fact, the memorandum's only acknowledgment that any evidence was received below is contained in a footnote reciting that Defendant was the sole witness at the hearing on his motion, and asserting the State's assessment that none of the evidence offered provides "any additional information that would materially alter the analysis in this appeal." [MIO 12 n.4]

{4} The State's failure to describe any of the evidence received by the district court deprives this Court of any opportunity to review the sufficiency of that evidence to support that court's findings and, ultimately, any opportunity to review the order on appeal. Our rules require that an appellant provide this Court with a "statement of the case summarizing all facts material to a consideration of the issues presented[.]" Rule 12-208(D)(3) NMRA. Where, as here, the issues presented include a claim that a party has failed to carry his burden of proof, the "facts material" to our consideration will

3

include, at a minimum, a summary of the evidence relied upon by the court below. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. Failure to do so will generally result in a denial of relief in this Court. *State v. Chamberlain*, 1989-NMCA-082, ¶ 11,109 N.M. 173, 783 P.2d 483.

{5}     In cataloging the contents of the record proper in this case, the State's memorandum confirms this Court's prior conclusion that the record does not contain sufficient information to resolve the issues raised by the State. [CN 5] From the State's view, this means that "[t]he record lacks substantial evidence of proper notice . . . prior to . . . May 27, 2016." [MIO 23] That record does disclose, however, that the district court conducted a hearing to address Defendant's motion on August 30, 2016. [RP 138] And, although the State concedes that testimony, and perhaps other evidence, was received at that hearing [*see* MIO 12 n.4], the record contains no tape log of any testimony nor even an exhibit receipt that might disclose what type of evidence was before the district court when it granted Defendant's motion. The record does, however, include the district court's order dismissing this case three days after that hearing. [RP 141]

{6}     As a result, it appears the district court dismissed this case on the basis of whatever evidence was received at a single hearing, conducted on August 30, 2016. That evidence included Defendant's testimony about a conversation he had with Idaho

prison officials. [DS 4] In this appeal, we do not know whether Defendant's testimony covered any other topic, but we do know that no other witnesses testified. [MIO 12 n.4] We also cannot say for sure what other documents may have been received in evidence, although it does appear that a collection of certified mail receipts were before the court in some form, as the State has now asked us to judicially notice a fact regarding an address appearing on one of those receipts. [MIO 7 n.2]

{7}     In any event, read collectively, the record proper, the State's docketing statement, and the State's memorandum in opposition to summary affirmance do not provide this Court with sufficient information to review the central question raised by the State's appeal: whether Defendant triggered the IAD's one-hundred-eighty-day deadline. As a result, the State has not carried its burden on appeal, "to clearly point out errors in fact or law" contained in our original notice of proposed summary disposition. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Accordingly, we affirm the district court's order of dismissal.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

5

_____

**STEPHEN G. FRENCH, Judge**