This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DENNIS KNIGHT,**

    Plaintiff-Appellant,

v.                                           **No. A-1-CA-37073**

**DIRTY BOURBON DANCE HALL**
**AND SALOON, LLC; KYLE KINNEY;**
**and MARK TRAVIS,**

    Defendants-Appellees,

and

**JOHN DOE EMPLOYEES; and**
**JERRAD BOWEN,**

    Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Albuquerque, NM

for Appellant

Allen, Shepherd, Lewis & Syra, P.A.
Edward W. Shepherd
Aaron Randall Kugler
Courtney A. Schumacher
Laura K. Vega
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff Dennis Knight appeals a jury verdict, alleging what amounts to instructional error. [DS 3 (asserting error by the jury "as a matter of law" with regard to a special verdict form); MIO unnumbered[1] pages 4-7 (asserting the possibility of juror confusion resulting from the wording of the special verdict form)] This Court issued a notice of proposed summary disposition, proposing to affirm the judgement below based on Plaintiff's failure to overcome the presumption that juries follow the instructions they are given. [CN 3-4, 5] Plaintiff has filed a memorandum in opposition to summary affirmance. Having duly considered that memorandum, we are unpersuaded by Plaintiff's arguments and affirm.

---

[1]We direct counsel's attention to Rule 12-305(B)(3) NMRA, requiring that documents filed with this Court be "paginated with consecutive page numbers at the bottom" and encourage counsel to adhere to the rules of appellate procedure in all future filings with this Court.

**{2}** As a prefatory note, our calendar notice pointed out that Plaintiff did not appear to be asserting instructional error on appeal, since his docketing statement did not assert any facts from which we could conclude that such error was preserved. [CN 3 n.1] *See* Rule 12-208(D)(3) NMRA (requiring docketing statements to contain a summary of "all facts material to a consideration of the issues presented"). In his memorandum in opposition, however, Plaintiff asserts that instructional error was among the error preserved below. [MIO unnumbered page 4] As we noted in our calendar notice, however, Plaintiff's docketing statement asserted that all of his appellate issues were preserved by way of his motion for—and reply in support of—a judgment notwithstanding the verdict. [DS 4] Our calendar notice pointed out that there was no indication in that docketing statement "that any instructional error was preserved *at trial.*" [CN 3 n.1 (emphasis added)] In his memorandum in opposition, Plaintiff continues to assert that instructional error was "preserved at trial," but in doing so continues to cite only his post-trial filings as support for that contention. [MIO unnumbered page 4]

**{3}** It is well-settled law that in order to preserve instructional error, it is necessary to object to the instruction to be given. *Andrus v. Gas Co. of N.M.*, 1990-NMCA-049, ¶ 26, 110 N.M. 593, 798 P.2d 194. Further, "[t]o preserve an [instructional] issue for appellate review, the objection must be specific enough to alert the district court to the

3

particular vice in the defective instruction." *Id.* (citation omitted). It is similarly well-settled law that post-trial motions asserting instructional error for the first time are not timely. *City of Albuquerque v. Ackerman*, 1971-NMSC-032, ¶ 16, 82 N.M. 360, 482 P.2d 63 ("It is not helpful to the trial court to invite such matters to its attention after the jury has concluded its work and departed the scene.").

{4}    Nonetheless, in asserting that instructional error was preserved below, Plaintiff's docketing statement and memorandum in opposition both rely solely upon post-trial events. [DS 4; MIO unnumbered page 4 and n.1] It thus appears that Plaintiff did not preserve any instructional error by way of a specific contemporaneous objection to the instruction ultimately given at trial. And, even if such error had been preserved, this Court could not review such error without a concise summary of the material facts related to the instruction, such as the basis of any objection to the court's instruction and the wording of any alternative instruction proposed by Plaintiff. Rule 12-208(D)(3). As a result of the apparent lack of preservation and Plaintiff's complete failure to provide this Court with relevant facts, we conclude that Plaintiff has not met his burden on appeal to clearly demonstrate that the district court erred with regard to the instructions given. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (discussing presumptions and burdens on appeal). And, as noted in our calendar notice, we are

4

also not persuaded that Plaintiff has overcome the presumption that the jury followed the instructions given by the court. [CN 3-4]

{5}     With regard to Plaintiff's second issue, positing error in the denial of his post-trial motion, we reiterate that this Court has no duty to "search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104; *see State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be"). To the extent that Plaintiff is asserting that he preserved a challenge to the sufficiency of the evidence by filing that motion [see MIO unnumbered pages 9-10], we note that he has not provided us with any summary of that evidence as would be necessary for our review thereof. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (sufficiency review requires a summary of all evidence supporting the district court's findings).

{6}     Similarly, to the extent that Plaintiff asks this Court to find error in Defendant's closing argument regarding the special verdict form, we note that Plaintiff has not provided us with any description or summary of that closing argument apart from asserting that Defendant somehow relied upon principles of the doctrine of intervening causes during that argument. [MIO unnumbered pages 7, 11] To the extent

Plaintiff seeks appellate review of anything contained in that closing argument, he has not provided this Court with "facts material to a consideration" of that issue. Rule 12-208(D)(3).

{7}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

{8}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**DANIEL J. GALLEGOS, Judge**

6