This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38285**

**KAREN J. ANDERSON,**

Petitioner-Appellee,

v.

**RONALD E. ANDERSON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Angie K. Schneider, District Judge**

Alexandra J. Bobbit, P.C.
Alexandra J. Bobbit
Ruidoso, NM

for Appellee

William N. Griffin
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent appeals the district court's award of transitional spousal support and attorney fees to Petitioner. In this Court's notice of proposed disposition, we proposed to summarily affirm. Respondent filed a memorandum in opposition, and Petitioner filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded that Respondent has shown error on appeal, we affirm.

**{2}**     In Respondent's memorandum in opposition, he continues to assert that the district court failed to consider or make the necessary findings relevant to the statutory spousal support factors, *see* NMSA 1978, § 40-4-7(E) (1997) (outlining relevant factors

to consider when awarding spousal support), and therefore awarded spousal support without substantial evidence. Additionally, based on this perceived error—and particularly as related to Respondent's belief that the district court failed to consider the current earning capacity of both parties—Respondent continues to argue that the district court's award of attorney fees was an abuse of discretion, based on "mere emotion" rather than the parties' income. [MIO 26-28]

**{3}** In our notice of proposed disposition, we admonished Respondent for his minimal recitation of the facts, noting also that Respondent's docketing statement appeared to provide only the trial evidence Respondent deemed most favorable to his appeal. [CN 4] *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state *all facts material* to the issues" and explaining that "[t]his means that the docketing statement should recite any evidence which *supports* the trial court's findings" (emphases added)). In response, Respondent's memorandum in opposition contains a lengthy recitation of additional facts. [*See* MIO 5-23] Again, however, Respondent has cherry-picked those facts that he deems most favorable to his appeal, and he has intertwined within them his own commentary as to how we should view these facts. [Id.] It is Respondent's duty on appeal to present the evidence in the light most favorable to support the district court's findings, and then demonstrate why the evidence failed to support these findings. *See Clark v. Clark*, 2014-NMCA-030, ¶ 25, 320 P.3d 991. Respondent has failed to meet this duty in his appeal.

**{4}** More significantly, Respondent has not asserted in his memorandum in opposition that the facts relied upon in our notice of proposed disposition were not presented as evidence to the district court, nor has he addressed our analysis affirming the district court's application of those facts to the factors outlined in Section 40-4-7(E) or its award of attorney fees. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As we explained in our notice of proposed disposition, the record indicates that the district court neither failed to consider or make findings relevant to the spousal support factors, nor disregarded the evidence presented to it. The district court instead simply disagreed with Respondent's view of the evidence and its application to the spousal support factors. [CN 5-9] Thus, we are unpersuaded by Respondent's memorandum in opposition because it is premised on his argument that his view of the facts is the correct view of the facts and should have been adopted and accepted as true by the district court and now on appeal. It is not this Court's role to supplant the district court's view of the evidence. *Clark*, 2014-NMCA-030, ¶ 26; *see State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re[]weigh the evidence to determine if there was another hypothesis that would . . . replace the fact-finder's view of the evidence with the appellate court's own view of the evidence."). Even if the facts can be viewed, as Respondent asks, to indicate that his needs are higher and Petitioner's lower than the district court found, there exists still the substantial evidence

presented to the district court that supports its determination of spousal support and award of attorney fees. [CN 5-9] And, as noted in our notice of proposed disposition, "an abuse of discretion does not result simply from the existence of reasons detracting from the district court's decision." [CN 9]

**{5}** Respondent has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order awarding transitional spousal support and attorney fees to Petitioner.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**