This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39591**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CLINTON FERRIER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions of multiple offenses, challenging the propriety of a search warrant and the sufficiency of the evidence to support a burglary conviction. This Court issued a notice of proposed summary disposition in which we proposed to affirm the convictions on appeal. [CN 9] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** In his docketing statement, Defendant suggested various grounds for the invalidity of a search warrant that led to the discovery of evidence introduced at trial, including the potential unreliability of a source relied upon in support thereof. [DS 7]

Defendant's memorandum in opposition to summary affirmance no longer asserts that information from that source fails to meet the requirements of the *Aguilar-Spinelli* test, and we deem that argument abandoned on appeal. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

**{3}** Defendant's docketing statement also seemed to be suggesting that sheriff's deputies lacked probable cause to even be present at his house, since "none of the items reported missing [were] small items that could be transported many miles by a person on foot." [DS 4] Our notice proposed that the deputies' presence was justified by the fact that they were looking for a suspect, in addition to looking for evidence. [CN 2] And, upon arrival at the house, deputies saw evidence in plain view in Defendant's yard that was sufficient to support a search warrant. [Id.] We specifically noted that "[u]pon arriving at Defendant's house, they found property in plain view that had apparently been reported as stolen, including an ATV, a battery charger, and a large water tank." [CN 2] Defendant's memorandum continues to argue that a detective entered his house before securing a warrant, "and that items observed by [the detective] must have been conveyed to [the detective] who drafted the warrant affidavit, thus tainting the warrant." [MIO 2] We disagree. No one had to go into Defendant's house to see the apparently stolen property that was in his yard. As a result, we conclude that the validity of the warrant did not depend upon the question of whether a detective was justified in entering Defendant's house while awaiting the issuance of a warrant.

**{4}** Defendant's docketing statement also challenged the sufficiency of the evidence to support a finding that he entered a shed from which property was stolen, as necessary to find him guilty of burglary. [DS 7] That docketing statement, however, failed to summarize facts necessary for our consideration of that issue, and we proposed to affirm on that basis. [CN 6] *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (noting that sufficiency review requires counsel to summarize all relevant evidence, including "any evidence which supports the trial court's findings"). In doing so, we noted that although at least six witnesses testified at trial, the docketing statement discussed only the testimony of one of those witnesses. [4-5] Defendant's memorandum now asserts that only one witness provided direct evidence regarding who entered the shed. [CN3]

**{5}** We note, however, that substantial evidence capable of justifying a conviction consists of "evidence of either a direct *or circumstantial* nature" supporting the elements of an offense. *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (emphasis added) (internal quotation marks and citation omitted). There does not appear to be any dispute as to the fact that the State offered no direct evidence that Defendant entered the shed. In addressing Defendant's motion for a directed verdict at the close of the State's case, the district court acknowledged the absence of direct evidence on that question. [MIO 6] Nonetheless, the district court also explicitly relied upon the jury's ability to draw reasonable inferences from the evidence before explicitly noting that,

although "there wasn't any *direct testimony* that [Defendant] was in that shed[,] . . . *there was plenty of evidence* that he was there." [MIO 6 (emphasis added)]

{6}     Although Defendant's memorandum does not discuss any circumstantial evidence capable of supporting a finding that he entered the shed, we note that—in an apparent argument that detectives should not have been looking for evidence at his house—Defendant did assert that none of the property missing from the shed included "small items" that could be carried a long distance by one man on foot. [DS 4] Although neither the docketing statement nor Defendant's memorandum informs us further about the property removed from the shed, we note that a jury could reasonably infer that the removal of large items required both men to enter the shed.

{7}     We further note that the sole witness whose testimony is summarized in Defendant's memorandum described two men generally engaged in removing property from the shed and putting it into a Chevy Suburban. [MIO 4] Although she initially testified that "[t]hey" were in the shed, she subsequently clarified that when she arrived, one man was in the shed and the other was "loading into the Suburban." [Id.] Based upon such testimony, it appears a jury could reasonably infer that the activity interrupted by the witness's arrival involved both men entering the shed, stealing property therein, and carrying that property from the shed to the Suburban. *See Dull v. Tellez*, 1971-NMCA-133, ¶ 13, 83 N.M. 126, 489 P.2d 406 (explaining that a reasonable inference is a conclusion drawn from established facts "when such facts are viewed in light of common knowledge or common experience").

{8}     Defendant's memorandum does not persuade us that our proposed disposition in this appeal was based upon any error of fact or law. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred). Accordingly, we conclude for the reasons stated here and in our notice of proposed summary disposition that the trial evidence was sufficient to support reasonable inferences establishing that Defendant entered the shed as necessary to support a conviction of burglary.

{9}     Finally, as Defendant's memorandum does not address the third issue raised in his docketing statement, we deem that issue abandoned. *See Taylor*, 1996-NMCA-111, ¶ 5.

{10}    Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment entered by the district court.

{11}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**